LOUIS BOEHM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78692.   Promulgated May 13, 1937.

*Louis Boehm, Esq.*, pro se.
*B. M. Coon, Esq.*, for the respondent.

1108

OPINION.

HARRON: *Issue (1)*.—The claim which the petitioner originally had against the United Power Laundries, Inc., for $25,000 was for a "bonus" or additional interest relating to a loan to this corporation. It was not a claim for payment for personal services. The amount in question was due and payable April 29, 1929, and on that date the petitioner had a vested interest in the claim for payment which was not in any way dependent upon any performance of duties by him. When the corporation defaulted in the payment the petitioner had a cause of action against the corporation for breach of contract. We think it clear that the petitioner's right of action against the corporation is a property right in the State of New York. See McKinney's Consolidated Laws of New York, book 21, p. 51, § 39 and annotations; *Gilbert* v. *Ackerman*, 159 N. Y. 118; 53 N. E. 753;

American Law Institute Restatement of Property, ch. 1, p. 3. The petitioner's rights related to the payment of money and were assignable. His rights under a contract had completely accrued at the time they were assigned. In our opinion, the assignment of June 20, 1929, from the petitioner to his wife of all of his right, title, and interest in the cause of action against United Power Laundries, Inc., and any and all proceeds accruing out of the action operated at that time to irrevocably divest the petitioner of entire ownership and control over and right to receive money that might subsequently be paid as a result of the action instituted against the corporation. The assignment gave Lillian Boehm an enforceable legal right to the money collectible under the suit for breach of contract. Therefore, the money paid to Lillian Boehm pursuant to judgment was not income of the petitioner and is not taxable to him. See *Hall* v. *Burnet*, 54 Fed. (2d) 443; *Commissioner* v. *Ross*, 83 Fed. (2d) 18; *Matchette* v. *Commissioner*, 81 Fed. (2d) 73; certiorari denied, 298 U. S. 677; *Nelson* v. *Ferguson*, 56 Fed. (2d) 121; certiorari denied, 286 U. S. 565; *Commissioner* v. *Field*, 42 Fed. (2d) 820; *Blair* v. *Helvering*, 300 U. S. 5; *Julius E. Lilienfeld*, 35 B. T. A. 391; *J. V. Leydig*, 15 B. T. A. 124; affd., 43 Fed. (2d) 494. Where the thing assigned is a property right productive of income and the assignment effectively divests the assignor of all control over the property so that he can not defeat subsequent payment of income to the assignee, the income thereafter arising from such property is income to the assignee by virtue of his ownership.

*Issue (2).*—The petitioner claims the right to deduct as ordinary and necessary business expenses a total of $1,188.11 paid as dues, contributions, and entertainment expenses to a golf country club, a city athletic club, various civic and political clubs, and two lodges. He claims that he maintained his memberships in all of these organizations for the purpose of furthering his law practice.

Section 23 (a) of the Revenue Act of 1928 allows the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Section 24 (a) prohibits deducting from net income personal, living, or family expenses. Whether or not a particular expenditure is a deductible business expense turns on the facts of each case and the burden of proof is on the petitioner to show that such expenditures were primarily business rather than personal expenses. We do not think the burden of proof is met by the petitioner's argument that in general, membership in social, political, and fraternal organizations is helpful in obtaining clients through contacts made thereby or the citing of one instance of gaining a client through acquaintance made at a political club. No evidence has been introduced to show that any part or all

**1110**

of the expenditures in question were so closely related to the conduct of the petitioner's business as to have been appropriate, helpful, usual, or necessary. It is noted that in cases where expenditures of a social nature have been held to be deductible business expenses proof was presented to show that such expenditures had a direct relation to the conduct of a business or the business benefits expected. Such proof has not been presented here to show that the expenditures are deductible under section 23 (a). Cf. *E. E. Dickinson*, 8 B. T. A. 722; *Wade H. Ellis*, 15 B. T. A. 1075; affd., 50 Fed. (2d) 343; *Robert C. Coffey*, 21 B. T. A. 1242; *Victor J. McQuade*, 4 B. T. A. 837; *Blackmer v. Commissioner*, 70 Fed. (2d) 255. The respondent's determination with respect to these expenditures is sustained.

*Issue (3).*—The petitioner's claim for depreciation on the furniture and fixtures of his law office including his law library must fail for lack of proof. The statute provides that the basis for depreciation generally "shall be the *cost* of such property", with certain exceptions not shown to be applicable here. Secs. 113 and 114, Revenue Act of 1928. The purpose of the provision, as amplified in articles 201–204, Treasury Regulations 74, is to assure to the owner the return or replacement of the capital sum constituting his basis. Usually the capital sum to be replaced is charged off over the useful life of the property. The petitioner's only evidence is his estimate that in the taxable year his office equipment was worth $4,000 and that depreciation of 10 percent per year is, in his opinion, a fair annual charge-off for office equipment generally. But it is evident that the equipment was not purchased in the taxable year. Lacking information as to the original costs, present age of the equipment, probable useful life, and what part if any has already fully depreciated, it is not possible to approve the petitioner's claim that a deduction of $400 for depreciation is proper in the taxable year and the disallowance of the entire deduction by the respondent is sustained.

*Decision will be entered under Rule 50.*