Martin G. Missir v. Commissioner.
Martin G. Missir v. Commissioner
Docket No. 23060.
United States Tax Court
1951 Tax Ct. Memo LEXIS 255; 10 T.C.M. (CCH) 417; T.C.M. (RIA) 51128; April 24, 1951
*255 Section 23 (a) (1) (A): Travel, entertainment, and other business expenses. - Petitioner claimed deductions totaling $36,581.96 in his 1945 income tax return for travel, entertainment, and other business expenses. Held, that of the total expenses paid or incurred by petitioner during the taxable period $6,950 were ordinary and necessary business expenses and are therefore deductible. Jay H. Schafrann, Esq., for the petitioner. John J. Madden, Esq., for the respondent. HILL Memorandum Findings of Fact and Opinion This case involves a deficiency in income tax *256 for the calendar year 1945 in the amount of $27,969.21. The issue is whether petitioner is entitled to a deduction under section 23 (a) of the Internal Revenue Code for the sum of $36,581.96 claimed on petitioner's income tax return for the calendar year 1945 as travel, entertainment and other business expense. Petitioner also assigned as error the assessment of tax on him by the respondent when petitioner was outside the territorial limits of the United States. Findings of Fact The facts stipulated are so found. The petitioner is an individual residing in New York City. He filed his return for the period in question with the collector of internal revenue for the third district of New York. Petitioner was employed by J. R. Williston & Co., a member of the New York Stock Exchange, as a traveling representative to procure commission business. His compensation fluctuated in accordance with the amount of business he secured. On October 16, 1942, J. R. Williston & Co. wrote to the New York Stock Exchange concerning petitioner: "On the above subject's recent application in connection with becoming associated with this firm, we beg to advise of a slight change *257 in defining compensation. "Instead of reading as it does, $600. salary and $600. traveling expenses, it should be changed to read $1200. [per month] salary. It is understood between Mr. Missir and this firm that his traveling expenses shall be assumed by himself." During 1945 he drew $7,500 per month with the understanding that he was to use one-half for expenses and the remainder for salary. Petitioner in the year involved expended $27,718.93, as shown by cancelled checks, for travel, entertainment, and miscellaneous matters listed below: Amount
To Whom Paid
Explanation
$ 1,575.00
Maralyn Mattlin
Rent, services, lights and laundry of an
apartment occasionally used by customers
1,866.72
Pease & Elliman, Inc.
Rent of apartment occasionally used to
entertain customers
301.88
National Air Lines
Travel
343.81
National Air Lines
Travel
227.00
Park Plaza Auto Renting
Travel
Royal York Garage
Club Auto Renting.
350.00
Club Kawama
Entertainment
36.00
Miami Bridge Co.
Transportation
272.40
Alfred Dunhill of London, Inc.
Gifts
184.32
Guerlain Inc.
Gifts
338.47
Knize Inc.
Gifts
223.21
Bernard Weatherill Inc.
Gifts
175.00
Fernandez y Cia
Entertainment
130.56
Central Bureau for Registered Addresses
Office Expense
Globe Mail Order Co.
Financial World
Journal of Commerce
422.59
Cuban Chamber of Commerce
No explanation
Joseph King
Gift
R. Gordon & Co.
Office expense for newspapers
Mountain Valley Water Co.
Office expense for bottled water
Margaret Good
Office expense for gift
Capon Springs Mineral Water.
No Explanation
Saratoga Natural Mineral Waters
No Explanation
Max Schling Seedsmen Inc.
Flowers
Alfred H. Cowley
No explanation
Fortune Magazine
Office expense
Newsweek
Office expense
N. Y. Journal American
Office expense
Readers Digest
Office expense
467.25
Mark Cross Co.
Gifts, Elk's Lodge
A. Sahadi & Co. Inc.
Gifts, Masonic Organization
A. Sulka & Co. Inc.
Gifts
James B. Russell
Entertainment, tabacco
Cash
Entertainment, hotel
Freems, Ltd.
Gifts
2,299.57
Hotel Nacional de Cuba
Traveling
579.55
Roney Plaza Hotel
Traveling
2,075.24
Zuccos Restaurant
Entertainment
778.38
Colony Restaurant
Entertainment
348.44
Restaurant La Rue
Entertainment
268.55
El Morocco
Entertainment
761.60
Villa Cesare
Entertainment
210.80
Anthony's Restaurant
Entertainment
420.00
Seven Seas Restaurant
Entertainment
Simon's Restaurant
687.59
Chez Marie Restaurant
Entertainment
Hotel St. Regis
The Savoy Plaza
Grand Pavillion Restaurant.
French Pavillion Restaurant
Restaurant Marguery
Highlands Manor
Gatti Restaurant
Club Kawama
Cellea Villa
Le Pavillion
Casa La Rosa
Hotel Des Certiste
El Country Club de La Habana
1,343.91
Westchester Country Club
Entertainment
717.05
Forest Hills Surf Club
Entertainment
250.00
Miami Country Club
Entertainment
1,338.60
Caspre S. A.
Entertainment, restaurant
283.27
N. Y. Athletic Club
Entertainment
958.39
Sherry Wine & Spirits Co.
Entertainment
816.20
Julius Fischer Inc.
Entertainment, liquor
543.31
Atlas Spirits Co., Inc
Entertainment
341.38
M. Lehmann Inc.
Entertainment, liquor
941.10
Gottfried Bros.
Entertainment, cigars
695.00
Albert George
Gifts
700.00
Lisa Pirocaco
Entertainment, restaurant
353.85
John Riccobona
Entertainment, restaurant
771.33
Derami Inc.
Gifts
323.30
Telephone Exchange
Office expense
858.80
Cohen's Market Inc.
Entertainment, catering
381.51
Madison Grocery & Fruit
Entertainment, catering
758.00
Dorin de Rose
Public relations
Doris Koch
Advertising
$27,718.93
Total
*258 The New York Stock Exchange rules require all employees of member firms to be registered, paid a fixed salary not varying with the business and states in Rule 442: "No member or member firm shall pay any expense incurred by any employee of such member of firm in the direct or indirect entertainment of any person not employed by such member or firm, unless such expenditure is specifically authorized in writing by such member or by a partner of such firm. A record of such expenditures shall be kept, showing the date, the amount expended, the name of the employee or employees involved, the names of the persons entertained, the nature of the entertainment and the name of the member or partner who authorized such expenditure, and shall be preserved for a period of at least three years." In 1945 petitioner went to Havana three times, in February, May and December. The December trip was for business purposes. Petitioner expended $6,950 for business purposes in 1945. Opinion HILL, Judge: The issue presented for our decision is whether petitioner is entitled to a deduction, under section 23 (a) of the Internal Revenue Code, of $36,581.06 claimed on petitioner's *259 income tax return for the calendar year 1945 as travel, entertainment and other business expenses. Respondent has disallowed the entire amount. Petitioner has the burden of proof to establish that the expenditures claimed are ordinary and necessary. The taxpayer must show that each expenditure has a direct relation to the conduct of the business and the business benefit reasonably to be expected from the payment. Sections 23 (a) (1) (A) and 24 (a) of the Code; Louis Boehm, 35 B.T.A. 1106. The petitioner testified that as a representative of his employer's firm he was obliged to expend large sums for travel, entertainment and other expenses in order to contact prospective customers of his firm. It was agreed between them that he was to use a portion of his salary for travel expenses. Petitioner also testified that this allowance was to include expenses for entertainment. But a mere authorization from his employer to expend half of his salary in this fashion is not alone sufficient to establish deductibility. The expenditures for apartment rentals, club membership dues and fees, travel and gifts have been presented for deduction with only the most general statement *260 as to the benefits received and to be received by the employer. Such expenditures are hardly distinguishable from expenditures for personal matters. It is therefore necessary that they be presented with some supporting detail to show their business purpose and to permit allocation wherever possible. No customers or clients were named by petitioner and the nature of the business actually derived from such expenditures has not been shown. Nor was it established as customary in the securities business to make expenditures in the manner petitioner chose. The stipulated rules of the New York Stock Exchange require a detailed record "showing the date, the amount expended, the names of the employee or employees involved, the names of the persons entertained, the nature of the entertainment and the name of the member or partner who authorized such expenditure, and shall be preserved for a period of at least three years." The petitioner offered no such records in evidence nor did he testify that he ever kept them. While we believe from all the evidence that petitioner was required to make some of these expenditures as he testified, we can not find with any exactness how much was necessary *261 for business purposes because of the very general nature of the evidence submitted. The Circuit Court of Appeals for the Second Circuit in Cohan v. Commissioner, 39 Fed. (2d) 540, stated: "* * * Absolute certainty in such matters [determining the amount of ordinary and necessary business expenses where inadequate records are kept] is usually impossible and is not necessary; the Board should make as close an approximation as it can, bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making. But to allow nothing at all appears to us inconsistent with saying that something was spent. * * * It is not fatal that the result will inevitably be speculative; many important decisions must be such." We have found, therefore, by approximation that of total travel, entertainment and other expenses paid and incurred by petitioner during the taxable year 1945, $6,950 were ordinary and necessary business expenses, and therefore are deductible for income tax purposes. Petitioner assigned as error the assessment of tax on him by the respondent when petitioner was outside the territorial limits of the United States. No evidence having been submitted *262 or argument made on this assignment of error by either party it is considered as abandoned. Decision will be entered under Rule 50.