Philip Handelman and Esther Martha Handelman v. Commissioner.
Handelman v. Commissioner
Docket No. 72220.
United States Tax Court
T.C. Memo 1961-171; 1961 Tax Ct. Memo LEXIS 178; 20 T.C.M. (CCH) 878; T.C.M. (RIA) 61171; June 14, 1961
*178 Held, that the petitioner has failed to show error in the respondent's determination (1) of the amount of entertainment, yacht maintenance or other expenditures which constitute deductible ordinary and necessary business expense under section 23(a) of the Internal Revenue Code of 1939, (2) that petitioner is not entitled to a claimed casualty loss from destruction of yacht sails, (3) that petitioner is entitled to deduct only a portion of contributions claimed, and (4) that petitioner is liable for an addition to tax under section 294(d)(1)(A) for failure to file a declaration of estimated tax. Held further, that the basis of the petitioner's yacht was greater than that determined by the respondent and that, consequently, petitioner is entitled to deduct a larger amount for depreciation of the yacht than determined by the respondent. Philip Handelman, pro se, 295 Madison Ave., New York, N. Y. William F. Chapman, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax and additions thereto for the taxable year 1949 as follows: Additions to Tax
Internal Revenue
Code of 1939
Sec. 294
Sec. 294
Income Tax
(d)(1)(A)
(d)(2)
$1,970.80
$189.95
$162.81
The respondent has conceded error in determining an addition to tax under section 294(d)(2), and the petitioners have conceded issues concerning deductions claimed on account of interest and taxes. *180 The issues remaining for decision relate to the extent to which the petitioner Philip Handelman is entitled to deduct as ordinary and necessary business expenses of his law practice amounts claimed as cost of entertainment, consisting of cost of food and drinks served in his apartment and on his yacht, part of rent of his apartment, part of the salary of his butler, and other miscellaneous expenses for entertainment; amounts claimed as yacht maintenance and depreciation; an amount claimed as a casualty loss resulting from destruction of yacht sails in a storm; and amounts claimed as contributions. Also involved is the amount which the petitioners may deduct on account of medical expenses, which will depend upon the decisions made herein on other issues. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. The petitioners are husband and wife residing in New York, New York. They filed a joint income tax return for the taxable year 1949 with the then collector of internal revenue for the third district of New York. Philip Handelman will hereinafter be referred to as the petitioner. During the year 1949 the petitioner was engaged *181 in the practice of law as a partner in the law firm of Handelman and Ives with offices at 295 Madison Avenue, New York, New York. The office which the law partnership maintained consisted of two rooms, which were occupied by the two partners, a library, a stenographers' room, and a reception room. The library, which was the largest room, was occupied by two associates. Each room occupied by a partner was about 9feet X 15feet and the reception room was about the same size. This office had been occupied by the petitioner prior to the formation of the partnership in 1943, and the partnership continued in the same quarters because there was a shortage of office space in the metropolitan area of New York. Since conference space in the partnership office was relatively small, each partner at times utilized his residence for conferences with clients of "stature". Each partner in obtaining his residence had such use in mind for purposes of "putting on a little dog". Approximately one-half of the petitioner's important conferences were held in his apartment. During the year in question the petitioner, his wife, and two children resided in a "triplex" penthouse apartment, consisting of *182 a 2-story living room about 25feet X 40feet, 3 bedrooms, and a kitchen. This apartment was located about 3 blocks from the petitioner's law office. On the occasions when petitioner conferred with clients in his home, the conferences were held in the living room. The apartment was not equipped to any extent as an office. The petitioner employed a butler and sometimes the butler served cocktails and sandwiches at such conferences. The petitioner also used his apartment on occasion for parties in order to entertain clients or prospective clients as well as personal friends, and neighbors who occupied other apartments in his building. These parties were attended by 50 to 100 people, some of whom also entertained the petitioners elsewhere. In 1949 the petitioners gave the following parties in their apartment: New Year's Day open house lasting from about 3 o'clock in the afternoon until midnight, attended by 50 to 75 people, which included persons with whom the petitioner did business or hoped to do business, and some personal friends and neighbors, the cost being $100, exclusive of cost of liquor; a St. Patrick's Day buffet supper on March 17, attended to a large degree by the same *183 persons, the cost $250being, exclusive of cost of liquor; a party on April 3, costing $300, exclusive of cost of liquor, to entertain persons living in the residential area of Larchmont, including some prominent businessmen whom the petitioner had met at parties given by his partner Ives, who also resided in Larchmont; and a party on November 15, costing $300, exclusive of cost of liquor, to celebrate petitioner's birthday, attended principally by the same persons who attend the New Year's Day party. The costs of all large parties given by the petitioner in his apartment in 1949 were treated by the petitioner as ordinary and necessary business expenses in his income tax return or that of his partnership. He gave no large parties which were treated as personal. The only entertainment conducted by the petitioners in their apartment which was treated as being purely personal consisted of occasional dinners for couples who were their personal friends. In the year in question the petitioner did not belong to any golf or other clubs. The petitioner is a yachtsman, having been interested in sailing since 1938 or 1940. Prior to 1945 he owned a 31-foot sailing sloop known as Chee Chee III. *184 In 1945 he purchased for $7,900, a 41-foot ocean-going sailing yawl named Chee Chee IV, which had sleeping accommodations for six people below deck and two on deck. He immediately expended an additional sum of $4,873.62 for necessary re-rigging of the yawl. He continued to own this yawl until 1958, when he disposed of it and purchased a 46-foot sailing yawl named Chee Chee V. In 1946 the petitioner raced his yacht in the Bermuda race and on several other occasions he entered such race but withdrew because of business reasons. He raced in several Martha's Vineyard and Block Island races, including those races conducted in 1949. During the sailing season of 1949, from early May until late October, petitioner raced his yacht on about eight week ends. On other week ends during the sailing season of 1949 petitioner sailed his yacht and he customarily entertained various persons on board. On some occasions the butler assisted in serving guests on the yacht. The petitioner's wife and family did not participate in the entertainment aboard the yacht. Petitioner kept no log on the yacht except during races and made no notations of persons entertained on board. During 1949 the entertainment on *185 board the yacht, insofar as disclosed by the record, together with the cost, exclusive of cost of liquor, was as follows: May 28, cost of $100, to entertain Dr. Eller and Smith Davis and their wives; May 30, cost of $125, to entertain six persons; June 24, cost of $150, to entertain 6 or 8 people by sailing to New London, Connecticut, to see the Harvard-Yale boat race; July 30, cost of $75, to entertain Walter Leon and his wife on a boat trip lasting over a week end; July 31, cost of $30, to entertain his partner Ives, and other persons; August 20, cost of $150, to entertain one Cassidy and friends; and September 10, cost of $100, to entertain Leon and his wife. Leon was with the firm of Kupples and Leon Book Publishing Company. Petitioner had represented Leon in a matrimonial case and in another suit against his father. Thereafter he became general counsel to the Kupples and Leon Company and was representing them under a general retainer in 1949. Over a number of years the petitioner's law firm collected in excess of $100,000 from the firm of Kupples and Leon. Cassidy was a film producer. The petitioner's law firm formed a corporation for him. The petitioner also did other entertaining *186 in 1949, in addition to entertainment on board his yacht and in his apartment. On January 21, at a cost of $125, both petitioners entertained a Mr. and Mrs. Sample at dinner and theatre on the occasion of the Samples' wedding anniversary. On November 26, at a cost of $169, both petitioners entertained Mr. and Mrs. Satin and Mr. and Mrs. Donald Flamm at the Harvard-Yale football game, such entertainment including lunch and dinner. The petitioner kept a dairy in which he entered his entertainment expenses, including the cost of entertaining described above. The total amount which petitioner spent during 1949 for entertainment of various people in his apartment, on board his yacht, and otherwise, exclusive of the cost of liquor used in entertainment in his apartment and on board his yacht, was $4,503. The petitioner spent an amount of $1,800 for purchase of liquor in 1949 for purposes of entertaining. The petitioner in 1949 also expended an amount of $800 for entertainment in New York and Chicago in anticipation of obtaining legal business involving a Philippine development matter. In connection with this matter the petitioner received a fee of $5,000. The $800 was expended for business *187 purposes. The petitioner incurred maintenance expenses on his yacht in the total amount of $4,338.98 in the year 1949. In his income tax return for 1949 the petitioner reported as his gross income the amount of $16,457.35 as representing his distributive share of the net income of the law partnership, and net income of $6,806.20. Among the deductions claimed on his return were $2,500 for entertainment and amounts of $2,000 and $1,784 purporting to represent, respectively, one-half of the depreciation and maintenance of the yacht. He also claimed an amount of $350 as miscellaneous contributions, without showing the details. In the notice of deficiency the respondent determined that the partnership had ordinary net income of $45,961.70 instead of $32,914.70 as reported. The increase of $13,047 was due to the disallowance, for lack of substantiation, of $13,000 claimed as reimbursement to each partner of $6,500 expended by each for promotion and entertainment, and $47 claimed as contributions. The respondent accordingly increased the petitioner's reported distributive share of partnership net income by $6,523.50. He then allowed as a deduction to the petitioner one-half of $47 *188 contribution taken by the partnership, but disallowed $150 of the contributions which petitioner had claimed on his return. He further determined as follows: It has been determined that for the year 1949 that you are entitled to a deduction of $5,782.25 for entertainment expenses comprised of the following: Maintenance of boat
$1,084.75
Depreciation of boat
197.50
Entertainment - restaurants,
liquor, home, etc.
4,500.00 *
Total
$5,782.25
* Entertainment - restaurants, liquor, home, etc., has been allowed in lieu of the amount of $9,000 claimed. [1]
During the summer of 1949, the petitioner in sailing his yacht on Long Island Sound encountered *189 some squalls, as a result of which he lost some of the sails on his yacht. In December 1949, he ordered sails to replace these sails, and was charged $975 therefor, paying $250 on account at the time of the order. In his income tax return for the year 1949, he claimed as a deduction an amount of $1,000 as a casualty loss from the loss of the sails. In the notice of deficiency the respondent disallowed the claimed deduction, stating: It is held that the deduction of $1,000 claimed on your return for the year 1949 as the value attributable to sails lost in a storm is not an allowable loss under the provisions of Section 23(e)(3) of the Internal Revenue Code of 1939. The deduction is disallowed for the additional reason that you failed to substantiate the amount of loss claimed. Opinion The principal issue is whether the petitioner is entitled to deduct, pursuant to section 23(a) of the Internal Revenue Code of 1939, a greater amount than the $4,500 allowed by the respondent as ordinary and necessary business expenses of petitioner's law practice on account of entertainment. The total amount claimed by the petitioner was $9,000 ($6,500 having been claimed on the partnership return *190 and an additional $2,500 having been claimed on petitioner's personal income tax return). The $9,000 so claimed was made up of $1,200 representing about one-third of the rent which petitioner paid for his residential apartment, $1,200 representing about one-third of the salary of his butler, $800 expended in New York and Chicago in connection with a Philippine deal, $1,800 spent for liquor, and $4,000 of miscellaneous expenditures for entertainment at petitioner's home, on his yacht, in restaurants, and at football games and the theatre. The petitioner now claims that a larger amount than $4,000 was expended for miscellaneous entertainment at his home, on his yacht, in restaurants, and at the theatre and submitted an exhibit containing figures taken from his dairy showing that a total of $4,503 was so expended. We have found as a fact that that much was so expended. As we stated in James Schulz, 16 T.C. 401: Entertainment expenses are allowed as a deduction from gross income only to the extent that they are "ordinary and necessary" in carrying on a trade or business. Section 23(a)(1) of the Internal Revenue Code. The requirements that the expense *191 must be both ordinary and necessary must be strictly complied with, Helvering v. Welch, 290 U.S. 111, and whether contested expenditures are ordinary and necessary is primarily a question of fact. Commissioner v. Heininger, 320 U.S. 467. Proof is required that the purpose of the expenditure was primarily business rather than social or personal, and that the business in which taxpayer is engaged benefited or was intended to be benefited thereby. Louis Boehm, 35 B.T.A. 1106. The petitioner in support of his contention that all these expenditures constitute ordinary and necessary expenses of his law business, testified that in 1949 he entertained 118 persons and that he has received fees from 57 of such persons for legal services rendered. He contends that a portion of the rental of his apartment and a portion of the salary paid to his butler are properly deductible inasmuch as the apartment was used for entertainment and the butler assisted in entertaining both in the apartment and on board the yacht. In further support of his claim to his right to deduct a part of the rental of his apartment, the petitioner points to the fact that he used his *192 apartment on about 50 occasions during the year to hold conferences with some of his more important clients since he considered his office inadequate. He further stated that when he rented the apartment he had in mind the use of the apartment to some extent for the purpose of impressing clients. The petitioner introduced in evidence an exhibit, which was a summary of his diary, setting forth various items which he expended for entertainment. Such exhibit contains 86 items, but contains no details as to the type of entertainment or the connection of any of the persons named with the petitioner's law practice. The petitioner did not testify to any of such details, except in response to questions of counsel for the respondent on cross examination. We have found in the Findings of Fact such information with respect to the persons and entertainment as may be gleaned from the record. The evidence clearly establishes that while some of the people entertained were clients or prospective clients, some of them consisted of friends and neighbors. With respect to others there is no proof whatever. Accordingly, of the total amount of $9,503 which petitioner now claims to be deductible, some portion *193 clearly represented personal expenditures which, pursuant to section 24(a)(1) of the Internal Revenue Code of 1939, are specifically nondeductible. The rental paid for the petitioner's apartment and the salary paid his butler are, of course, primarily and essentially personal expenditures. In the notice of deficiency the respondent did not show in detail the items making up the $4,500 which he determined to be deductible. Accordingly, we do not know whether he allowed any portion of the amount claimed by the petitioner on account of the apartment rent and the butler's salary. In any event, and even if it were considered that some portion of the rent and the butler's salary were ordinary and necessary business expenses, we are not satisfied from the record that the petitioner is entitled to deduct any greater amount of the total claimed than the $4,500 which the respondent has allowed. The determination of the respondent is prima facie correct, and the burden of proving error in his determination is upon the petitioner. Rule 32 of the Rules of Practice of this Court: Welch v. Helvering, 290 U.S. 111. It was incumbent upon the petitioner to demonstrate clearly that the *194 items making up the claimed deduction constituted ordinary and necessary business expenses. This he has not done. We cannot conclude from the record here presented that the respondent was in error in failing to allow more than $4,500 of the entertainment expenses as ordinary and necessary business expenses, and his determination is approved. The petitioner in his return claimed as a deduction for maintenance of his yacht the amount of $1,784, purporting to be one-half of the total maintenance of the boat for that year. The parties have stipulated that the total cost of maintenance of the boat in 1949 was $4,338.98. The petitioner now contends that he is entitled to one-half of $4,338.98, or $2,169.49. The respondent in the notice of deficiency allowed as a deduction $1,084.75, which equals one-fourth of the stipulated maintenance cost. The record shows that the petitioner was a yachting enthusiast, that he had been interested in yachts for many years, and that he engaged in racing his yacht in various races. We are satisfied that the petitioner owned and operated the yacht principally for personal reasons. While entertainment was conducted aboard the yacht, the portion which might *195 be properly considered as purely for business purposes has not been shown. The petitioner also contends that the publicity which he obtains from winning races, or from merely entering races, was of benefit to him in his business. In the notice of deficiency the respondent did not set forth the factors which influenced his determination that one-fourth of the maintenance cost constituted ordinary and necessary business expense. In any event, here again the petitioner has failed to show that he is entitled to deduct any greater amount than the respondent has allowed. We approve the respondent's determination of the amount of deductible maintenance expense. The petitioner in his return claimed depreciation on his yacht for the year 1949 in the amount of $2,000. He testified that he made an error in the computation of the amount claimed in his return, but that he intended to compute depreciation over a 6-year period and to claim 50 percent as a deduction for business use. He further testified that the respondent's agent used a 10-year life in his calculation. He also testified that he acquired the yacht in 1945 at a bargain price of $7,900, and that he found it necessary to re-rig the *196 yacht at a cost of $4,873.62. On brief he now claims that the allowable depreciation sustained in 1949 was $1,064.46. This is based on a total cost of the yacht of $12,773.62, a useful life of 6 years, and 50 percent use for business purposes. The respondent in the notice of deficiency allowed $197.50 as an allowable deduction for depreciation. This obviously resulted from the determination of a basis of $7,900, a life of 10 years, and 25 percent business use. The amount of $4,873.62 for re-rigging the yacht constituted an additional cost which properly should be included in the basis for calculation of the depreciation. There is no evidence upon which we can determine the useful life of the yacht, [2] and accordingly we must accept the 10-year life fixed by the respondent. Furthermore, as stated above with respect to the deductible maintenance expense, we cannot find on the record that the yacht was devoted to business use to a greater degree than 25 percent. It is our conclusion that the petitioner is entitled to a deduction for depreciation for the year 1949 in the amount of $319.34. In his return the petitioner claimed as a deduction an amount of $1,000 as a casualty loss sustained *197 upon the destruction, by storm, of sails on his yacht. The respondent disallowed this claimed deduction on the ground that the claimed loss is not an allowable loss under section 23(e) of the Internal Revenue Code of 1939, [3] and on the ground that the petitioner had failed to substantiate the amount of the loss claimed. *198 On brief the respondent contends that the petitioner has failed to meet his burden of showing error on the part of the respondent in that he has failed to prove a number of prerequisites to the allowance of a deduction on account of a casualty loss. The only evidence presented was the petitioner's testimony that while sailing his yacht he encountered some squalls in the course of which he lost some sails, and evidence of the cost of replacement thereof. There is no evidence as to the cost of the destroyed sails or their age, condition, or value immediately prior to their destruction. Under these circumstances we cannot determine that there was a loss by casualty, or if so, the amount thereof. Furthermore, there is no evidence to show whether any loss was compensated for by insurance or otherwise. We cannot conclude, as we did in Clarence A. Peterson, 30 T.C. 660, and E. G. Kilroe, 32 T.C. 1304, that the parties tried and briefed the case as though the petitioner received no compensation and that, therefore, it is proper to assume that no compensation was received. We must conclude that the petitioner has failed to overcome the presumption in favor of the *199 respondent's disallowance of the claimed deduction. In his return the petitioner claimed an amount of $350 as miscellaneous contributions without showing any details. The respondent allowed only $200 of this amount but also allowed the petitioner $23.50 of contributions claimed as a deduction by his partnership. The petitioner has introduced no evidence whatsoever with respect to any contributions which he made. We accordingly approve the respondent's determination in this respect. The respondent, having determined that the petitioner is liable for an addition to tax under section 294(d)(1)(A) of the Internal Revenue Code of 1939[4] for failure to file a declaration of estimated tax for 1949, the burden was upon the petitioner to show that his failure to file was due to reasonable cause and was not due to willful neglect. Joe W. Stout, 31 T.C. 1199, affd. sub nom. Rogers v. Commissioner (C.A. 4), 281 F. 2d 233, and R. A. Bryan, 32 T.C. 104, affd. (C.A. 4), 281 F. 2d 238. The petitioner has adduced no evidence whatsoever with respect to this subject. Under the circumstances we must hold that he is liable for a proper addition *200 to tax under section 294(d)(1)(A). There is no controversy as to the amount of medical expenses incurred by the petitioner. The amount thereof which is deductible under section 23(x) of the Internal Revenue Code of 1939 will be determined in the recomputation under Rule 50. Decision will be entered under Rule 50. Footnotes
1. The total of entertainment expenses claimed by petitioner, $9,000 ($6,500 claimed by the partnership, plus $2,500 claimed in petitioner's return), included $1,200 or about one-third of the rent of petitioner's apartment, $1,200, or about one-third of the salary of his butler, $1,800 spent for liquor, $4,000 as miscellaneous expenses for entertainment in his apartment, on his yacht, in restaurants, at football games and the theatre, and $800 on a trip to Chicago in connection with the Philippine matter.↩
2. The only evidence is petitioner's testimony that he thought 6 years was a reasonable period since the boat was used in racing and was therefore under strain. ↩
3. Section 23(e) provides as follows: (e) Losses by Individuals. - In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise - (1) if incurred in trade or business; or (2) if incurred in any transaction entered into for profit, though not connected with the trade or business; or (3) of property not connected with the trade or business, if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. * * * Section 29.23(e)-1 of Regulations 111 provides in part: Full consideration must be given to any salvage value and to any insurance or other compensation received in determining the amount of losses actually sustained. * * *↩
4. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. (d) Estimated Tax. - (1) Failure to file declaration or pay installment of estimated tax. - (A) Failure to file a declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. * * *↩