Paul C. and Frances E. Seguin v. Commissioner.
Seguin v. Commissioner
Docket No. 2060-65.
United States Tax Court
T.C. Memo 1967-194; 1967 Tax Ct. Memo LEXIS 67; 26 T.C.M. (CCH) 950; T.C.M. (RIA) 67194; October 9, 1967
Paul C. Seguin, pro se, 3409 S. MacArthur St., Springfield, Ill. William L. Ringuette, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1962 in the amount of $406. The issue for decision is whether petitioners are entitled to deduct all or any portion of the amount of $2,167 spent by them on a trip to France in 1962. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Springfield, Illinois at the date of the filing of the petition in *68 this case, filed a joint Federal income tax return for the year 1962 with the district director of internal revenue at Springfield, Illinois. During the entire year 1962 both petitioners were full-time employees of the State of Illinois. They also operated a part-time retail business selling clothing, Christmas cards, cosmetics, and miscellaneous products during 1962. Petitioners are both qualified and knowledgeable in the art of manufacturing and selling cosmetics and perfumes and were engaged in such activities prior to 1958 on either a full or part-time basis. Paul C. Seguin had at sometime prior to 1957 represented a French perfume manufacturer in the United States and had been an importer of French perfume. Prior to 1957, when petitioners gave up a business of the manufacture and wholesale distribution of cosmetics in which they had been engaged, Paul C. Seguin had been investigating the obtaining of a plastic container for creams with the idea of having a package, which would weigh less than one ounce and would therefore carry a special postage rate, in which to ship a box of hand cream and a small bottle of perfume. Petitioners were considering using the plastic containers *69 and lightweight shipping cartons in a mail-order business. In 1958 petitioners were informed of a possible source of supply for such containers. In the fall of 1962 petitioners made a trip to France which covered a period of approximately 4 weeks from the time they left their home in Springfield, Illinois until they returned. The total cost of the trip was approximately $2,400 for transportation and expenses for both petitioners. From Springfield petitioners went to Chicago where they spent 2 days. They flew directly from Chicago to Paris, France. Paul C. Seguin had a sister who was living in Paris in 1962. Petitioners stayed in Paris approximately one week and while there visited Paul's sister. Petitioners then went to Nice for one week, and while in Nice visited the plant of a manufacturer of perfumes and essential oils in Grasse. Petitioners returned from Nice to Paris and spent another week in Paris. On their 1962 Federal income tax return, petitioners claimed a business loss which was shown on Schedule C Profit (or Loss) from Business or Profession. In arriving at this loss petitioners deducted as traveling expenses the amount of $2,312 of which $2,167 represented amounts *70 expended during their trip to France in 1962. Petitioners attached a statement to their 1962 income tax return explaining the claimed deduction for travel expenses for a trip to France which contained the following statements: In view of our impending retirement we have been planning for some time to find means of getting back into business, either perfume importing and selling business in which I was until 1947 and with my wife from 1948 until a few years ago, or in the restaurant business. Shortly after Pearl Harbor, and expecting to be called or to enlist I took a course in restaurant management in Chicago. I could not expect, due to my age, to be in the fighting part of our forces, but remembering the way food was handled in the French as well as the American army during the first World War, I thought I could be most healpful in food handling. This course over, I tried to enlist in the Army first and then the Navy. I was refused by both on account of insufficient eyesight, although I still do not understand why I should have needed 20/20 vision for food management. The purpose of our trip to France was threefold. 1. Research at the French National Library, on history *71 books. Back to New York, I took as planned, a one day trip to Boston to call on the Ginn & Company, of which I am a shareholder, to submit my findings to this Company. 2. While in Paris I called at various times at the American Consulate to ascertain what would be the present rates of duty either for importing finished perfumes in bulk or for shipping small monthly perfume bottles to customers I would secure in this Country through advertising. Then we took a trip to Grasse, as planned. I called on an essential perfume oil firm which I used to represent in New York City. I found that they had had no representation in this Country for a few months and they asked me if I would consider representing them again. They also referred me to a perfume manufacturing firm a few miles from Grasse, to get information on any possible finished perfume importation. 3. Back to Paris I got in touch with the French Culinary Ass'n to submit to them my idea to start a line of French restaurants along the main highways of this country, less expensive than the Howard Johnson, but better than the hamburger places. All the information we obtained from our trip was encouraging and something could *72 have resulted from it already, were it not that alighting from the train on our return to Springfield I fell and broke my knee which resulted on my being on crutches yet, and of course further activity on either perfume importing or starting the first restaurant of a possible future chain had to be kept in abeyance. Respondent in this notice of deficiency disallowed $2,167 of the travel expense claimed by petitioners with the following explanation: The deduction of $2,312.00 claimed for travel expense has been disallowed to the extent of $2,167.16 because it has not been established that the amount in excess of $144.84 constitutes an ordinary and necessary business expense or was expended for the purpose designated. Therefore your taxable income is increased in the amount of $2,167.00. Opinion Section 162 of the Internal Revenue Code of 1954[1] provides for the deduction of "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" including traveling expenses while away from home in the "pursuit of a trade or business." Where a taxpayer has claimed a deduction for an ordinary and necessary *73 business expense and respondent has disallowed the claimed deduction, the burden is on that taxpayer in a case in this Court to show by a preponderance of evidence that the deduction claimed is an ordinary and necessary expense and that the expense was incurred in carrying on a trade or business. Louis Boehm, 35 B.T.A. 1106 (1937). The evidence in the instant case is so vague and indefinite that it is insufficient to show for what purpose petitioners took a trip to France in 1962 or the purpose of any of the expenditures they made on that trip. Petitioners have totally failed to sustain the burden of proving that they are entitled to the deduction claimed by them for expenses of a trip to France in 1962 as an ordinary and necessary business expense. Petitioners claimed the deduction for the expenses of their trip to France as business expense and have not specifically placed in issue the deductibility of the amount as ordinary and necessary expenses paid or incurred during the taxable year for the production or collection of income under the provisions of section 212. However, some of petitioners' arguments seem to be directed to the provisions of section 212. The general *74 and vague evidence in this case is totally insufficient to show that petitioners' expenditures in connection with their trip to France in 1962 were ordinary and necessary expenses for the production or collection of income. See Eugene H. Walet, Jr., 31 T.C. 461 (1958), affirmed per curiam 272 F. 2d 694 (C.A. 5, 1959).
Petitioners were apparently under the impression that the statements made in their return as to the reasons for their trip to France were evidence that such were the reasons for their trip. A copy of the Federal income tax return filed by petitioners was a stipulated exhibit in this case. The stipulation in this respect is as follows: * * * Petitioners * * * filed their joint Federal income tax return for the year 1962 with the District Director of Internal Revenue at Springfield, Illinois * * *. A copy of said income tax return with attachments is attached hereto as Joint Exhibit 1-A. We do not interpret this stipulation to be an agreement of the parties that the statements in the attachment to petitioners' return were to be in evidence as proof *75 of the truth of the facts stated therein. However, if the parties did intend the statements to be proof of facts, the evidence shows that petitioners' trip to France was for the purpose of investigating entering into a business after their retirement from their employment by the State of Illinois. In Morton Frank, 20 T.C. 511, 513 (1953), we held that expenses incurred in investigation of and looking for a new business and traveling preparatory to entering such a business are not ordinary and necessary expenses incurred in carrying on a trade or business. In that case we also held that such expenses were not deductible as expenses incurred in the production or collection of income stating that, "There is a basic distinction between allowing deductions for the expense of producing or collecting income, in which one has an existent interest or right, and expenses incurred in an attempt to obtain income by the creation of some new interest." In Frank B. Polachek, 22 T.C. 858 (1954), we likewise held expenses of investigating or establishing a proposed new business were not deductible as ordinary and necessary expenses incurred in carrying on a trade or business *76 and further held that such expenses could not be deducted as a loss in the year incurred where there had been no showing made that the project had been abandoned in that year. We specifically stated that we need not there pass upon whether the amount expended would constitute a loss in a year when the project was abandoned. Here, likewise, there has been no showing that petitioners in the year 1962 abandoned whatever plans they may have had with respect to entering some new business at such time as they might retire from their employment with the State of Illinois. While the record shows little as to the purpose of petitioners' trip to France in 1962 other than as shown on the statement which was attached to their return, the record is clear that petitioners did not consider such expenses to be business expenses in connection either with their employment with the State of Illinois or with their part-time retail business of selling clothing, Christmas cards, and miscellaneous products. Petitioner Paul C. Seguin specifically testified that their expenses were not in connection with petitioners' employment by the State of Illinois and made the following statement with respect to petitioners' *77 part-time retail business: Well, now, you are bringing those travel expenses into that part-time business. Those travel expenses have nothing to do with our part-time business. Petitioners' view of the nature of the expenses of their trip to France in 1962 is probably best shown by the testimony of petitioner Paul C. Seguin in answer to the question of whether in any year subsequent to 1962 he had entered into any of the prospective businesses which he investigated while he was in France, which was as follows: No, I haven't because I would have to spend quite a bit of money without showing any sales and I would have the same problem I have today. I spend money and it doesn't show in sales. In other words, I cannot buy bricks and show them as an expense until the building is finished. On the basis of the record in this case we sustain respondent's disallowance of petitioners' claimed deduction for travel expenses for a trip to France in 1962. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩