WALTER J. MONRO, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FRANK R. MOLL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

W. HARRY GLENNY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 35317–35319. Promulgated February 27, 1930.

*Walter J. Monro, Frank R. Moll,* and *W. Harry Glenny,* pro sese. *Bruce A. Low, Esq.,* for the respondent.

OPINION.

SEAWELL: On the facts as presented we can not do other than affirm the Commissioner's determination. The deductions are claimed under the provisions of section 214 (a) (1), Revenue Act of 1924, as ordinary and necessary expenses of carrying on the investment banking business; that is, as we understand the petitioners' contention, it is that because the partnership was engaged in the investment banking business, it therefore follows that one of the ordinary and

necessary expenses of such business is the payment of dues of its members in various clubs and associations. Whether a given expense is ordinary and necessary is a question of fact and the burden of proof with respect thereto in these proceedings is on the petitioners. We do not think this burden is satisfied by a mere showing that the partnership was engaged in the investment banking business and paid the dues of its members to various clubs of a social nature. In this modern age of business we recognize that much business is transacted because of membership in associations of this character and that such memberships are often of such importance to the business as a place of entertainment for customers or clients and the making of connections desirable and helpful to the business that the expenditures for such dues are not luxuries or personal expenses, but both ordinary and necessary to a business thus carried on. But without more proof than we here have, we can not say, as the petitioners argue in their brief, that "the nature of the business required that the partners be members in all the important business and social clubs" of the community in which the business was carried on.

And an even greater objection to the allowance of the deduction is that the clubs were availed of by the petitioners for both personal and business purposes, the stipulated fact being that they "were used by the members individually and also on occasions for business conferences and entertainment of prospective customers." Certainly, under the statute expenses of a personal nature, though made by the partnership for the members and thereby served merely to reduce the distributable income to the members, are not deductible as ordinary and necessary expenses of carrying on a business. On the record we have no evidence from which we can say what part of the total expenditures in question might be termed business and what part personal in their nature. The cases cited by the petitioners of so-called luxury or social expenses being allowed as deductions (*Victor J. McQuade*, 4 B. T. A. 837; *E. E. Dickinson*, 8 B. T. A. 722; and *Marble & Shattuck Chair Co.*, 13 B. T. A. 657) are easily distinguishable from the case at bar on account of the proof therein offered in support of the deductions claimed. The determination of the Commissioner is accordingly affirmed. Cf. *Franklin M. Magill*, 4 B. T. A. 272; *Arthur B. Chivers*, 4 B. T. A. 1083; *Maurice H. Winger*, 6 B. T. A. 945; *Abraham W. Ast*, 9 B. T. A. 694; *W. H. Lawson*, 12 B. T. A. 1076.

*Judgment will be entered for the respondent.*