*Decisions will be entered under Rule 50.*

GEORGE W. AND JANE M. RANDALL, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 632–69. Filed July 28, 1971.

---

[14] Cf. *Francesco Gaglione*, 28 T.C.M. 1024, 1030, P–H. Memo. 69–1109, 69–1116.

George W. Randall, pro se.

*Robert D. Hoffman*, for the respondent.

ATKINS, *Judge*: The respondent determined an income tax deficiency of $588.63 for the taxable year 1965. Certain concessions having been made by each party, the only issue remaining for decision relates to the deductibility of dues paid to a country club and amounts expended for entertainment at such club.

### FINDINGS OF FACT

Some of the facts have been stipulated and are incorporated herein by this reference.

The petitioners, husband and wife, filed their joint Federal income tax return for the taxable year 1965 with the district director of internal revenue at Birmingham, Ala. At the time their petition herein was filed their legal residence was in Mobile, Ala. George W. Randall will hereinafter be referred to as the petitioner.

The petitioner is a certified public accountant and a member of the New York based accounting firm of Schutte & Williams. Such firm maintains an office in Mobile, Ala., where the petitioner is the managing partner. Under the partnership agreement, the petitioner is entitled to 30 percent of the annual net profits of the partnership from all sources. Separate books of account are maintained in the Mobile office and are consolidated in the New York office by means of monthly trial balances. During the period in question the partnership utilized a fiscal year ended July 31 for tax purposes.

Petitioner is a member of the Mobile Country Club. During the taxable year ended July 31, 1965, he incurred charges at such club in the total amount of $1,927.53. Such charges were paid by the partnership with partnership funds.

Petitioner did not maintain a detailed diary of the charges incurred at such club. He did analyze the charge slips which accompanied and supported the monthly statement received from the club at about the time such statement was received. Inasmuch as the monthly statement for any particular month was received by petitioner at about the middle of the succeeding month, his analysis of the charge slips accompanying such statement took place about 2 to 6 weeks after the individual charges had been incurred. In the course of his analysis he distinguished each charge slip between what he considered to represent business entertainment and entertainment of a personal nature. He did not, however, indicate the name or names of the person or persons involved in the individual instances which he considered to represent business entertainment. For the taxable year ended July 31, 1965, the petitioner indicated that of the total charges incurred during

such year the amount of $1,310.70 represented business entertainment and the amount of $616.83 represented personal entertainment.

Upon the basis of petitioner's analyses, the partnership charged petitioner's drawing account by the amount of charges indicated as personal. The charges indicated as business were recorded by the partnership as promotional or firm-relations expenses.

The Mobile Country Club is located about 4 or 5 blocks from the petitioner's residence. During the period before us the petitioner played golf at the club approximately two times a week. Because of his membership in the club he was not required to pay greens fees before playing. Other expenses incurred by him in playing golf, namely, the purchase of golf balls, the rental of golf carts, and the payment of caddie fees were considered by him to represent personal expenses and such was indicated by him with respect to the charge slips for such items.

Petitioner generally played golf on Saturdays and Sundays and occasionally played on weekdays. He usually did not have any pre-arranged tee-off time and the foursomes and fivesomes with which he played were generally not comprised of the same persons. Most of the time he played with other members of the club and only upon about a half dozen occasions did he play with nonmembers. On such occasions he incurred the charges with respect to the nonmembers' greens fees and caddie fees and such charges were considered by him to represent business entertainment expenses.

Upon the completion of a golf game one of the persons involved would usually pay for the food and drinks of the others. Other persons with whom petitioner played paid for his food and drink following the completion of a game as often as he paid for theirs.

During the period before us petitioner also, upon occasion, played cards at the club. During the course of such games he would sometimes pay for a round of drinks for the persons involved and sometimes one of the other players would pay for such drinks.

Upon a number of occasions during the period before us the petitioner had meetings and discussions with clients at the club.

Of the $1,310.70 in charges which petitioner considered as business entertainment expenses, $300 represented the dues with respect to his membership at the Mobile Country Club. The amount remaining largely represented charges incurred for the purchase of food and beverages. Such charges for food and beverages were incurred in large part during the course of, or following the completion of, a golf game.

During the period before us the petitioner's wife and children were also permitted to utilize the facilities at the Mobile Country Club

without incurring charges. During such period his wife used such facilities infrequently. His son, aged 15, played golf frequently and his daughter, aged 8, occasionally used the club's swimming pool. Any charges incurred by his family for the purchase of food and beverages or for the rental of golf carts, and the like, were considered by petitioner as personal expenses and such was indicated by him with respect to the charge slips for such items. During the period before us the petitioner and his family occasionally dined together at the club. The charges incurred on such occasions were considered by him as personal expenses and such was indicated by him with respect to the charge slips for such items.

On their return for the taxable year 1965 the petitioners reported the amount of $39,964.93 as the petitioner's distributive share of income from the partnership of Schutte & Williams. In the notice of deficiency the respondent determined that petitioner's distributive share from such partnership was in the amount of $41,366.43. Such determination was based, in part, upon the disallowance of deductions claimed by the partnership which represented food and bar expenses incurred by petitioner at the Mobile Country Club in the amount of $945 and the dues paid to such club in the amount of $300. The reason stated by respondent in disallowing such deductions was that it had not been established that such amounts constituted ordinary and necessary business expenses or that they were expended for the purpose designated.

OPINION

Section 162 of the Internal Revenue Code of 1954 [1] permits a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. Section 262 of the Code [2] precludes deductions for expenses which are personal in nature. Here, the disputed items consist largely of expenditures made for the purchase of food and beverages from the Mobile Country Club and for petitioner's membership dues in such club. While expenditures of this type may qualify as ordinary and necessary business expenses within the meaning of section 162, it is well settled that to so qualify such expenditures must be shown to have been incurred primarily to benefit the business carried on by the taxpayer. See *Robert Lee Henry*, 36 T.C. 879, and cases cited therein. The burden of proof

---

[1] Such section provides in part as follows:
TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *
[2] Such section provides as follows:
PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

that such expenditures were so incurred is upon the petitioner. *Welch* v. *Helvering*, 290 U.S. 111.

Section 274 of the Code[3] specifically deals with the deductibility of expenses for entertainment and for facilities used in connection therewith. In *John L. Ashby*, 50 T.C. 409, we stated in respect to section 274:

In general, section 274 provides that to be deductible an item with respect to entertainment must be shown to be directly related to or, under specified circumstances, associated with the active conduct of the taxpayer's trade or business, and that an item with respect to a facility used in connection with entertainment is deductible only if it is shown that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of the business. Section 274 also lays down strict requirements with respect to substantiation as a prerequisite to

---

[3] Such section provides in part as follows :

DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES.

(a) ENTERTAINMENT, AMUSEMENT, OR RECREATION.—

  (1) IN GENERAL.—No deduction otherwise allowable under this chapter shall be allowed for any item—

    (A) Activity.—With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to, or, in the case of an item directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), that such item was associated with, the active conduct of the taxpayer's trade or business, or

    (B) Facility.—With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business,

and such deduction shall in no event exceed the portion of such item directly related to, or, in the case of an item described in subparagraph (A) directly preceding or following a substantial and bona fide business discussion (including business meetings at a convention or otherwise), the portion of such item associated with, the active conduct of the taxpayer's trade or business.

  (2) SPECIAL RULES.—For purposes of applying paragraph (1)—

    (A) Dues or fees to any social, athletic, or sporting club or organization shall be treated as items with respect to facilities.

    (B) An activity described in section 212 shall be treated as a trade or business.

    \*      \*      \*      \*      \*      \*      \*

(d) SUBSTANTIATION REQUIRED.—No deduction shall be allowed—

    \*      \*      \*      \*      \*      \*      \*

  (2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity, or

    \*      \*      \*      \*      \*      \*      \*

unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the \* \* \* entertainment, amusement, recreation, or use of the facility, \* \* \* (C) the business purpose of the expense or other item and, (D) the business relationship to the taxpayer of persons entertained, using the facility, \* \* \*

(e) SPECIFIC EXCEPTIONS TO APPLICATION OF SUBSECTION (a).—Subsection (a) shall not apply to—

  (1) BUSINESS MEALS.—Expenses for food and beverages furnished to any individual under circumstances which (taking into account the surroundings in which furnished, the taxpayer's trade, business, or income-producing activity and the relationship to such trade, business, or activity of the persons to whom the food and beverages are furnished) are of a type generally considered to be conducive to a business discussion.

deductibility. It provides that an item is not deductible unless the taxpayer substantiates by adequate records, or by sufficient evidence corroborating his own statement, the amount of the expense or other item, the time and place of the entertainment or use of the facility, the business purpose of the expense or item, and the business relationship to the taxpayer of the persons entertained or who used the facility. The congressional committee reports show that the substantiation requirements of section 274 contemplate more detailed record-keeping than was common prior to the time of the enactment of section 274, and that it was the intention of Congress that no deduction should be allowed solely on the basis of a taxpayer's unsupported self-serving testimony. * * *

And, as we subsequently pointed out in *William F. Sanford*, 50 T.C. 823, affd. (C.A. 2) 412 F.2d 201, the requirements of section 274 are in addition to those imposed by section 162, and petitioner still has the burden of proving initially that the expenses are ordinary and necessary expenses proximately related to his trade or business.

Here, the petitioner urges that because the ethics of his profession precluded advertising for clients, it was necessary for him to maintain membership at the club whereby clients could be obtained through the social contacts there developed. At the trial he submitted a list of 26 persons with whom he associated at the club during the period before us and with respect to whom the disputed expenditures were incurred.[4] Of such 26 persons, 24 were also members of the club; 16 were employed by or otherwise associated with clients of petitioner's firm; 2 were either employed by or associated with prospective clients of petitioner's firm; and 8 were other professional persons such as lawyers, bankers, and insurance representatives. It was indicated that 4 clients had been obtained through his country club associations. Upon the basis of the foregoing the petitioner contends that the disputed expenditures constituted ordinary and necessary business expenses within the meaning of section 162.

We cannot agree. We recognize that certified public accountants, like other professional groups such as doctors and lawyers, are precluded from advertising for clients and that, therefore, maintaining memberships in various socially oriented organizations and participating in the activities of such organizations may be helpful in securing clients through the contacts thus developed. This does not, however, of itself suffice to establish that the expenses incurred in connection with such activities are business rather than personal. Nor does the evidence proffered by petitioner serve to cure such infirmity. It is also to be recognized that people, professional and otherwise, often form personal friendships with those with whom they come in contact through their occupations. Thus, the fact that most of the

---

[4] Such list was admitted as a summary of the testimony which petitioner would have otherwise adduced. It was prepared by petitioner some 2 years after the expenditures were incurred and was not accepted in evidence as, nor in our opinion does it constitute, a contemporaneous business record of the persons involved in the alleged entertainment.

persons to whom petitioner's expenditures were directed either were in some manner associated with clients and potential clients of petitioner's firm or were members of other professional groups proves little, if anything at all, as to why the expenditures were incurred.[5]

The petitioner did not testify that the golf games and card games, the activities during which most of the expenses for food and beverages were incurred, constituted occasions during which business was transacted or discussed. Nor does the evidence purport to show which person or persons were entertained upon any particular occasion. Indeed, other evidence of record suggests that the expenditures made on such occasions, or part of them, may have been primarily motivated by the general feelings of friendship and camaraderie to be found among the members of any social club and not by the intent to secure a present or future business advantage. Such evidence is to the effect that most of the persons involved in the disputed entertainment were also members of the Mobile Country Club, that petitioner's golfing activities and the foursomes and fivesomes there involved were generally not prearranged, and that other golfing and card playing participants also purchased food and drink for the parties involved.

In view of the above it is our conclusion that petitioner has failed to prove that the disputed expenditures constituted ordinary and necessary business expenses within the meaning of section 162. Having so failed, it is axiomatic that such expenditures, including those for food, beverages and the like, as well as those for membership dues, cannot be regarded as satisfying the provisions of section 274(a). As to the petitioner's contention that the expenditures in question, or most of them, come within section 274(e)(1), namely, the business meal exception to the provisions of section 274(a), it is our opinion that the circumstances normally attending the "19th hole" and the "gin rummy table" cannot be regarded as the type of circumstances generally considered as conducive to business discussion within the meaning of such exception.

Finally, even if petitioner were regarded as having satisfied the aforementioned prerequisites for deducting the expenditures in ques-

---

[5] As we stated in *Robert Lee Henry*, 36 T.C. 879: "were we to recognize that expenditures for normally personal pursuits become deductible business expenses simply because they afford contacts with possible future clients without showing a more direct relationship to the production of business income, it is evident that most all club dues and similar expenditures, for example, as well as the expense of appearing at the right place at the right time with the right people, could be claimed as ordinary and necessary business expense. Such would be an unwarranted extension of the scope of the deduction provision here involved. As we said in *Louis Boehm, supra* at 1109: 'We do not think the burden of proof is met by the petitioner's argument that in general, membership in social, political, and fraternal organizations is helpful in obtaining clients through contacts made thereby * * *.' "

tion, it is clear that he has not satisfied the substantiation requirements of section 274(d), particularly those directed to the business purpose of such expenditures.

*Decision will be entered under Rule 50.*