ALBERT E. LUETZOW AND BARBARA J. LUETZOW, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luetzow v. Commissioner
Docket No. 2247-71.
United States Tax Court
T.C. Memo 1973-63; 1973 Tax Ct. Memo LEXIS 224; 32 T.C.M. (CCH) 272; T.C.M. (RIA) 73063; March 20, 1973, Filed *224 Held, the deductibility of certain expenditures under secs. 162(a) and 274, I.R.C. 1954, determined. Albert E. Luetzow, pro se. Carleton E. Knechtel, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The respondent determined deficiencies of $2,185.71 for 1968 and $1,488.97 for 1969 in the Federal income taxes of Albert E. Luetzow and Barbara J. Luetzow. The issues for decision involve whether certain 2 expenditures are deductible under sections 162(a) and 274 of the Internal Revenue Code of 1954. [1] FINDINGS OF FACT
Some of the facts were stipulated, and those facts are so found.
The petitioners, Albert E. Luetzow and Barbara J. Luetzow, were husband and wife and maintained their residence in Hales Corners, Wisconsin, at the time the petition was filed in this case. They filed their 1968 and 1969 joint Federal income tax returns with the district director of internal revenue, Chicago, Illinois. The petitioners' primary source of income during 1968 and 1969 was derived from Luetzow Industries, a limited partnership (the partnership), which was organized in 1956 to carry on the *225 business of "manufacturing, selling, distributing and dealing generally in controls, garmet bagging machines and such other business of a similar nature or related generally to the dry cleaning and laundry business." At all relevant times, Mr. Luetzow has been the general partner in the partnership, and Mrs. Luetzow 3 and the trustees for the petitioners' three minor sons have been the limited partners. The partnership agreement provides that the management of the partnership "shall be conducted solely by the General Partner," and that 5. The Limited Partners shall not take part in the management of the business or transact any business for the partnership and the partnership. No salary shall be paid to any Limited Partner. It also provides that Mr. Luetzow, Mrs. Luetzow, and the three trusts are each to receive 20 percent of the yearly net profits of the partnership. In addition, Mr. Luetzow received a salary of $34,000 per year from the partnership during 1968 and 1969. The petitioners' sons were 15, 13, and 11 years old in 1968. Since shortly after the inception of the partnership in 1956, the partnership advertising referred to the sons as the production manager, the office *226 manager, and the sales manager. Such titles were a mere advertising gimmick intended to project a family image, and the advertising sometimes included the sons' pictures. Other sales promotion involving the sons included an advertisement saying, "When in Milwaukee - come and visit us!" During 1968, the members of the Luetzow family went on various trips. The petitioners' oldest son traveled to Germany for a 2 or 3 week stay at the home of a German 4 doctor, whose son had stayed for 2 or 3 months in the petitioners' home as an exchange student. The doctor was a friend of a German attorney, who was associated with a company with which the partnership did business, and the partnership paid the son's air fare. Mr. and Mrs. Luetzow attended a plastics convention in Germany for approximately 6 days, and the partnership paid the cost of Mr. and Mrs. Luetzow's air fare, even though Mrs. Luetzow was not on the partnership payroll. In the spring of 1968, the entire family traveled to Tucson, Arizona, where they stayed for appriximately 6 days. They visited the dry cleaning establishments in the Tucson area, and the partnership paid for the expenses incurred on the trip by Mr. Luetzow and *227 his family. In June of 1968, the entire family went on a 7-day fishing trip to Canada with the 3 winners of a national contest sponsored by the partnership. The advertisement announcing the contest stated that the petitioners' sons were looking for a "Fishing Buddy!" and requested that contestants "draw what you think is a good ad to sell our products." It also provided that if one of the winners was a girl, Mrs. Luetzow would accompany her on the trip, and two of the winners were girls. The partnership paid the expenses of the fishing trip. 5 Mr. Luetzow designed and, with the help of his sons and various contractors, built the home in which he and his family lived during 1968 and 1969. This home, completed in 1967, contains approximately 14,500 square feet of floor space and includes a pool room 50 feet by 80 feet in which there is a swimming pool 30 feet by 60 feet, an enormous atrium in the center, an entertaining room, and an office approximately 20 feet by 30 feet which was used by Mr. Luetzow. There is one telephone, with a private unlisted number, in the house, and it is used for personal and business purposes. Any long distance business telephone calls placed from such *228 telephone were charged to the telephone maintained at the partnership plant. The partnership paid both the plant and home telephone expenses. During 1968 and 1969, the petitioners entertained business guests in their home. Apparently, in 1968, one such guest accidentally spilled a drink in the petitioners' personal movie projector, and the projector was rendered inoperable. The partnership purchased a projector to replace the damaged one and approximately $200 of film. The movie equipment is used to some extent by the petitioners to take and show movies of trips which they make calling on customers around the country. 6 During 1968 and 1969, the petitioners operated three automobiles. One automobile was used by Mr. Luetzow as the "company car." Mr. Luetzow used this automobile to travel to and from the partnership plant 4 or 5 times each day, a distance of 8 miles each way. During 1969, he carried tools weighing approximately 150 pounds for maintenance of the partnership airplane and navagational charts in the trunk of such automobile. When customers visited the plant from out of town, one of the automobiles was made available for their use. During 1968, the petitioners' family *229 had two licensed drivers, and in 1969, three. In 1968, during the civil disturbance in Milwaukee, the partnership purchased a rifle to provide protection for the plant. Mr. Luetzow does not hunt. In 1969, the partnership purchased an air conditioner and a riding lawn mower. During 1968 and 1969, the partnership also paid for Dale Carnegie courses for the petitioners' oldest son. The partnership filed its 1968 and 1969 returns of income with the district director of internal revenue, Chicago, Illinois, and claimed as ordinary and necessary expenses the amounts it expended on the trips by members of the Luetzow family; the amounts expended for the petitioners' home telephone; 25 percent of the realty taxes, utility bills, and depreciation related to the 7 petitioners' home; the cost of purchasing a new movie projector and film; the expenses of operating one automobile, including depreciation; the cost of the rifle, air conditioner, lawn mower, and Dale Carnegie courses; and an item designated "electrical expense." The respondent disallowed as ordinary and necessary expenses all of the items listed in the previous paragraph except the Arizona and Germany trip expenses attributable *230 to Mr. Luetzow; the expenses attributable to the fishing trip (other than the air fare for Mrs. Luetzow and the three Luetzow sons); and 76 percent of the claimed automobile expenses. In the notice of deficiency, the respondent determined that the disallowance of such deductions resulted in increasing the petitioners' distributive share of the partnership income. OPINION
The issues to be decided involve the deductibility of certain expenditures under sections 162(a) and 274. Section 162 provides that there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Whether expenditures are ordinary and necessary is a question of fact ( Commissioner v. Heininger, 320 U.S. 467 (1943)), and the petitioners have the burden 8 of demonstrating that the purpose of the expenditure was primarly business, rather than social or personal, and that the business in which the taxpayer is engaged benefited, or was intended to be benefited, by the expenditure. Vaughn V. Chapman, 48 T.C. 358 (1967)Bennett's Travel Bureau, Inc., 29 T.C. 350 (1957); Louis Boehm, 35 B.T.A. 1106 (1937). If an entertainment expenditure *231 meets the requirements of section 162(a), it must then also survive the prohibitions of section 274(a) (1) (A) that such an expenditure will not be deductible "unless the taxpayer establishes that the item was directly related to, or * * * associated with, the active conduct of the taxpayer's trade or business." Furthermore, such a deduction must meet the substantiation and recordkeeping requirements of section 274(d). The respondent takes the position that the disallowed deductions were not ordinary and necessary expenses, and that the deductions relating to entertainment in the petitioners' home also failed to meet the requirements of section 274. Except as to Mrs. Luetzow's air fare on the Canadian fishing trip, the petitioners have not shown that the disallowed travel expenditures were ordinary and necessary business expenses. Generally, a 2 or 3 week trip to Germany by a 15-year old appears to be personal in nature, 9 and there is no indication that the 15-year old in this case took part, in any way, in the active conduct of the partnership business. Indeed, the only claimed business purpose of the trip was to create goodwill with a German attorney, who was associated with *232 a company with which the partnership did business. If the partnership derived any business benefit from the trip, it would be speculative, remote, and not substantial. See Greenspon v. Commissioner, 229 F. 2d 947 (C.A. 8, 1956), affg. on this issue 23 T.C. 138 (1954); George W. Randall, 56 T.C. 869 (1971). Consequently, we are not convinced that the trip was primarily related to the business of the partnership, and we must, therefore, deny the deduction claimed for the cost of the son's air fare. Sec. 1.162-2(a), (c), Income Tax Regs.
Similarly, the petitioners have not shown that Mrs. Luetzow's trip to Germany was made primarily for business reasons. Sec. 1.162-2(b) (2), (c), Income Tax Regs.; John A. Guglielmetti, 35 T.C. 668, 671 (1961). Mr. Luetzow testified that at the time of the trip the partnership was considering diversifying into the manufacture of plastic shopping bags and that his wife went on the trip because she was to make the final decision on whether to diversify. However, the partnership agreement provided that a limited partner, such as Mrs. Luetzow, was not to take part in the management of the partnership business. Furthermore, in light of the fact that Mr. *233 Luetzow returned to the United States with samples of the various types of plastic shopping bags which were exhibited in Germany, it is difficult to understand why the decision to diversify or not to diversify had to be made in Germany; indeed, it has not even been demonstrated that the decision was actually made there. While on the Tucson trip, the petitioners' family visited local dry cleaning establishments, and Mr. Luetzow took movies of such visits. However, the record does not give any indication of how much time on the trip was spent on business as compared to pleasure. Sec. 1.162-2(b) (2), Income Tax Regs. It also does not show what business purpose, if any, was served by the presence of Mrs. Luetzow and the children. Sec. 1.162-2(c), Income Tax Regs. The advertising which pictured the children was admittedly a gimmick and did not require the children's presence in Tucson. Under all these circumstances, we find that the petitioners have failed to demonstrate that the trip expenses of Mrs. Luetzow and the children were primarily related to the business of the partnership. See generally John A. Guglielmetti, supra.11 The respondent also determined that certain expenditures *234 related to the Canadian fishing trip were not deductible. A fishing trip is usually considered to be personal in nature. Cf. S. Rept. No. 1881, 87th Cong., 2d Sess., 1962-3 C.B. 707, 733. The petitioners contend, however, that the fishing trip of their family was primarily related to the business of the partnership because it was made pursuant to the contest advertisement. The advertisement pictured the petitioners' three sons and said that they were looking for a "Fishing Buddy!" The sons played no active role in the management of the business, and the advertisement does not show that the sons' trip was primarily business in nature. The sons were simply accompanied on a personal fishing trip by "fishing buddies." The contest for selecting their "buddies" does not convert the otherwise personal trip into a business venture. In contrast, Mrs. Luetzow was not looking for a fishing buddy, but took the trip to act as chaperon for the female contest winners. The advertisement had stated if a girl won Mrs. Luetzow would go on the trip, and we feel that it is reasonable to assume that the parents of the female contestants expected or required that a chaperon be provided for their daughters. *235 We, therefore, find that the cost of Mrs. Luetzow's air fare is a deductible expense of the partnership but that the air fare 12 for the petitioners' children was not a business expense. A second group of deductions claimed by the partnership involve the extent to which the petitioners' home was used for business purposes. The petitioners contend that Mr. Luetzow used the home telephone to keep in close contact with the partnership plant and to call customers in other time zones. However, the extent of such use is unclear, and Mr. Luetzow admitted that the telephone was also used for the family's personal calls and was the only telephone in the petitioners' home during 1968 and 1969. Under these circumstances, the petitioners have failed to show that the business use of the telephone was its primary use, and we find that the telephone expenses are not deductible. The petitioners further contend that the partnership is entitled to deduct 25 percent of the realty taxes, utility expense, and depreciation expense in regard to the petitioners' home because the home was used as an entertainment facility for the partnership. Under section 274(a) (1) (B), before any deduction can claimed *236 for the use of the petitioners' home as an entertainment facility, the petitioners must show that their home or a specific portion was used primarily for business purposes 13 and that the entertainment was directly related to such business. John L. Ashby, 50 T.C. 409 (1968). Section 1.274-2(e) (4) (i), Income Tax Regulations, provides: it is the actual use of the facility which establishes the deductibility of expenditures with respect to the facility; not its availability for use and not the taxpayer's principal purpose in acquiring the facility. * * * The petitioners will be deemed to have established that their home was primarily an entertainment facility during the years in question if they establish that more than 50 percent of the total calendar days of use of their home were days of business use. Sec. 1.274-2(e) (4) (iii), Income Tax Regs. A day of business use is defined as any day in which the primary use of their home satisfied the ordinary and necessary test of section 162 and the regulations thereunder. Sec. 1.274-2(e) (4) (iii). The only evidence from which it can be determined whether the petitioners' home was primarily used as a facility for business entertainment *237 is a list of persons entertained in their home.It is not clear as to when such list was prepared, and it contains obvious duplications. An examination further reveals that the petitioners claim no more than 100 days of business entertainment usage of their home during 1968, and no more than 25 days during 1969. Over one-half of the 100 days during 1968 14 were attributable to an exchange student staying in the petitioners' home, and the petitioners have not shown that the principal purpose of the student's visit was directly related to the partnership business. Nor have they shown the business reason for much of the other entertainment conducted in their home. We must, therefore, find that the partnership is not entitled to the claimed deductions because the petitioners have failed to show that their home was an entertainment facility within the meaning of section 274. We further find that the petitioners are not entitled to such deductions on the basis of the existence of a home office. The petitioners have not shown the amount of business which Mr. Luetzwo conducted in such office, and there is no indication that such use was substantial rather than merely incidental to his *238 personal use of the home office. Sec. 1.262-1(b) (3), Income Tax Regs.
The petitioners also argue that in 1968 one of the businessmen whom they were entertaining accidentally broke their personal movie projector, that the partnership replaced the projector, and that it, therefore, is entitled to a deduction for the cost of such replacement. We can perceive of no basis, and we have been presented with none, for permitting this type of deduction, other 15 than as an entertainment expense to the extent of the value of the destroyed projector. Yet, in this case, we have absolutely no evidence whatsoever concerning the value of the old projector, and we must, therefore, deny the deduction. Furthermore, there has been no showing that the movie film which the partnership purchased for Mr. Luetzow, when the projector was purchased, was used primarily for business purposes, and we must deny the deduction claimed for the cost of such film. The petitioners also dispute the disallowance of 24 percent of the claimed automobile expenses for 1968 and 1969. It is clear that the "company car" was used by Mr. Luetzow for personal reasons, including his 4 to 5 daily trips between home and the partnership *239 plant, a distance of 8 miles each way. See Clarence J. Sapp, 36 T.C. 852 (1961), affd. per curiam 309 F. 2d 143 (C.A. 5, 1962). The petitioners contend, however, that Mr. Luetzow's commuting expenses are deductible because he carried tools for the partnership plane in the trunk of the "company car" and because any personal use of the "company car" was more than offset by the occasional business use of the other two family automobiles. In Tyne v. Commissioner, 385 F. 2d 40, 41-42 (C.A. 7, 1967), revg. a Memorandum Opinion of this Court, the Court of Appeals for the 16 circuit to which this case is appealable stated that a taxpayer is entitled to deduct the portion of his reasonable driving expenses which is allocable to the transportation of tools, "if the taxpayer is required by his type of work to bring with him daily, tools of such size and weight that they cannot be readily carried by the taxpayer * * *." Mr. Luetzow has not shown that his work as general partner required him to transport the airplane maintenance tools or the navagational charts, nor that it was necessary to transport such tools and equipment each day from his home to where the plane was kept. Under these circumstances, *240 we find that the petitioners have not met one of the prerequisites for deductibility under Tyne. Similarly, the petitioners have failed to present evidence to indicate the extent to which the other two cars were used for business purposes, and we find that the petitioners have not shown error in the respondent's determination that 24 percent of the claimed automobile expense deduction is unallowable. During 1968, the partnership purchased a rifle and deducted its cost as an ordinary and necessary business expense. It is apparent that the rifle had a useful life of greater than 1 year, and therefore, the deduction is not allowable. Cf. United States v. Akin, 248 F. 2d 742 (C.A. 10, 1957), cert. denied 355 U.S. 956 (1958); 17 Anthony Mennuto, 56 T.C. 910, 924 (1971). In 1969, the partnership purchased an air conditioner and a lawn mower, and the respondent determined that these items constituted capital assets. The petitioners have presented no evidence to dispute such determination, and we must, therefore, find the cost of such items was not deductible in 1969. Challenge Manufacturing Co., 37 T.C. 650, 662 (1962). We further note that the petitioners have presented no evidence *241 to show that the amount of depreciation which the respondent allowed with respect to such items was clearly erroneous; nor have they presented sufficient evidence from which depreciation on the rifle can be computed. The final expenditures made by the partnership were for Dale Carnegie courses for one of the petitioners' sons and for an electrical expense. The petitioners have not shown that their son, who was then age 15 or 16, played a role in the active conduct of the partnership business. Nor have they shown that the courses were primarily intended to benefit the partnership business rather than the son personally. Finally, the petitioners have presented to explanation of the claimed electrical expense, 18 and we must, therefore, accept the respondent's determination denying the claimed deduction. Welch v. Helvering, 290 U.S. 111 (1933). Decision will be entered under Rule 50. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954. ↩