LIONEL F. TREBILCOCK AND SHIRLEY TREBILCOCK, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3890-73.    Filed August 7, 1975.

*Edward A. Lebit,* for the petitioners.
*Jack E. Prestrud,* for the respondent.

WILES, *Judge:* Respondent determined deficiencies in petitioners' income tax of $2,658 for 1969 and $2,914 for 1970. The issue is whether Lionel Trebilcock (hereinafter petitioner), a sole proprietor, may deduct under section 162(a)[1] $7,020 he paid in each of those years to a minister who provided spiritual advice to petitioner and his employees and performed business-related tasks.

### FINDINGS OF FACT

Petitioner and his wife, Shirley Trebilcock, resided in Girard, Ohio, when they filed joint 1969 and 1970 income tax returns with the District Director of Internal Revenue, Cleveland, Ohio, and when they filed their petition in this case.

---

[1] Statutory references are to the Internal Revenue Code of 1954, as in effect in 1969 and 1970. Sec. 162(a) provides in pertinent part:

SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *

During 1969 and 1970, petitioner was sole proprietor of Litco Products (hereinafter Litco), which engaged in the brokerage of wood products. He employed five people: his father, his brother, a secretary, a traveling salesman, and the Rev. James Wardrop (hereinafter Wardrop).

Petitioner met Wardrop, an ordained minister, in the early 1950's. Before 1968, he sought Wardrop's advice but paid him no fee except reimbursement for expenses. In early 1968, however, petitioner began paying Wardrop $585 per month. In 1969 and 1970, petitioner continued paying Wardrop $585 per month, or $7,020 per year, primarily to minister spiritually to petitioner and his employees. Wardrop conducted prayer meetings, at which he tried to raise the level of spiritual awareness of the participants, and counseled petitioner and individual employees concerning their business and personal problems. When he offered advice about business problems it was not based upon his knowledge of the brokerage business for he had no such knowledge. Rather, he would receive a problem, turn to God in prayer, and then propose an answer resulting from that prayer. Wardrop was not assigned specific secular or nonreligious duties in 1969 and 1970, but he did perform certain business-related tasks. For example, he visited sawmills with petitioner, ran errands, and mailed materials for Litco.

Petitioner and his wife deducted the $7,020 paid to Wardrop in both 1969 and 1970 as an ordinary and necessary business expense under section 162(a).

### ULTIMATE FINDING OF FACT

Only $1,000 of the $7,020 paid Wardrop in each year was deductible under section 162(a).

### OPINION

The issue is whether petitioner may deduct $7,020 paid in both 1969 and 1970 to Wardrop, who conducted prayer meetings, ministered to petitioner and his employees, and performed various business-related tasks.

The case of *Fred W. Amend Co.*, 55 T.C. 320 (1970), affd. 454 F. 2d 399 (7th Cir. 1971), is applicable here. Fred W. Amend (hereinafter Amend) was treasurer and chairman of the board of the Fred W. Amend Co. (hereinafter company), an Illinois corporation manufacturing jellied candies. R. M. Halverstadt

(hereinafter Halverstadt) was a Christian Science practitioner and teacher. Amend sought the assistance of Halverstadt in both business and personal matters. Halverstadt did not offer concrete solutions to Amend's problems but tried instead to induce new spiritual awareness in Amend so that he could approach problems with detachment and understanding. At first Amend paid Halverstadt personally for his assistance and was reimbursed by the company for assistance attributable to its affairs. Eventually, however, the company paid Halverstadt directly; it put him on retainer so that he would be available whenever a business problem arose. Amend continued to pay Halverstadt for consultations relating to personal problems; the company did not reimburse him for these payments. After the company put Halverstadt on retainer, his assistance was available to various members of the company's supervisory staff, but Amend alone consulted him. The company deducted the fee paid to Halverstadt as "professional services" under section 162.

This Court conceded that Halverstadt's consultations promoted Amend's spiritual balance and thus allowed him to cope more easily with the strain of running a large business. But we noted that Halverstadt's aid did not sharpen his business skills; instead, it gave him heightened spiritual awareness. We concluded that Halverstadt's services were no different from those regularly provided by ministers, that all benefits derived from such services are inherently personal in nature, and that the proscription of section 262[2] against deduction of personal expenses prohibited deduction under section 162.

Turning to the facts of this case, Wardrop performed four types of services; we will treat each of them in turn. When he conducted prayer meetings, this Court's opinion in *Amend* must control and therefore a portion of the deduction must be disallowed. Halverstadt tried to induce a new spiritual awareness in Amend, and Wardrop did essentially the same for petitioner and his employees. The benefits that petitioner and his employees received are personal in nature and so the proscription of section 262 must be invoked.

When Wardrop counseled petitioner and his employees about personal problems, *Amend* does not strictly apply for it did not

---

[2] SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES.

Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.

concern personal problems. But section 262 must be invoked since the benefits derived from Wardrop's consultations were personal in nature.

When Wardrop counseled petitioner and his employees about business problems the weight of *Amend* is uncertain for in *Amend* Halverstadt offered no specific solutions to given problems while in this case Wardrop did. However, we need not decide the applicability of *Amend* since the deduction for this particular task is otherwise disallowed. The solutions Wardrop offered were not based upon his expertise in the brokerage of wood products; he admits he had no such expertise. Rather, his solutions came through prayer from God. A deduction under section 162(a) is allowed for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. "Ordinary," as used in section 162(a), refers to items which arise from "transactions * * * of common or frequent occurrence in the type of business involved." *Lilly v. Commissioner*, 343 U.S. 90, 93 (1952). "Ordinary has the connotation of normal, usual, or customary." *Deputy v. du Pont*, 308 U.S. 488, 495 (1940). Petitioner has offered no proof that his payments to Wardrop for solutions to business problems, considering the method Wardrop used, were "ordinary" in his type of business. We hold that petitioner has failed to carry his burden of proof. *Welch v. Helvering*, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Therefore the deduction for payments attributable to this service must also be disallowed.

Although petitioner did not assign Wardrop specific secular duties, there is no dispute that Wardrop visited sawmills, ran errands, mailed materials, and performed various other business-related tasks. A deduction under section 162 is allowable for payments made to Wardrop for performing such tasks. The record provides no specific allocation between these deductible payments and those which have been disallowed. We thus apply the rule in *Cohan v. Commissioner*, 39 F. 2d 540, 543-544 (2d Cir. 1930), which is essentially that certainty in determining expenses is usually impossible but that as close an approximation as possible should be made if the taxpayer had genuinely allowable expenses. Looking at the record as a whole, we think $1,000 in each year was payment for services related to business activities.

We accordingly hold that $1,000 is deductible in both 1969 and 1970 under section 162 and that the remaining $6,020 for each year is nondeductible under section 262.

*Decision will be entered under Rule 155.*

