NORMAN S. BRANDES, M.D., INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent NORMAN S. BRANDES AND PATSY BRANDES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Norman S. Brandes, M. D., Inc. v. Commissioner
Docket Nos. 5623-77, 5626-77.
United States Tax Court
T.C. Memo 1979-38; 1979 Tax Ct. Memo LEXIS 484; 38 T.C.M. (CCH) 147; T.C.M. (RIA) 79038; January 29, 1979, Filed *484 The corporate petitioner incurred automobile expenses and professional fees and dues expenses during 1973 and 1974. Held, the corporation has failed to prove deductibility of such expenditures in amounts exceeding those determined by respondent. Held further, amounts disallowed to the corporation as automobile expenses are includible in the income of the corporation's sole shareholder. David M. Buda, for the petitioners. Andrew M. Winkler, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on April 14, 1977, issued a statutory notice to Norman S. Brandes, M.D., Inc. in which he determined deficiencies in its corporate Federal income tax for its taxable years ended August 31, 1973 and August 31, 1974 in the amounts of $ 466.53 and $ 548.40, respectively. On the same date he issued a statutory notice to Norman S. Brandes and Patsy Brandes in which he determined deficiencies in their individual Federal income taxes for their taxable years ended December 31, 1973 and December 31, 1974 in the amounts of $ 801.01 and $ 706.74, respectively. Respondent subsequently *486 amended his answer to petitioners Norman S. Brandes and Patsy Brandes in order to increase the claimed deficiencies for their taxable years 1973 and 1974 to $ 848.72 and $ 751.59, respectively. These cases were consolidated on the Court's own motion for purposes of trial, briefing, and opinion. After concessions by petitioners the following issues remain for our determination: (1) whether petitioner Norman S. Brandes, M.D., Inc. has incurred allowable automobile expenses for 1973 and 1974 in excess of the amounts determined by respondent; (2) whether petitioner Norman S. Brandes, M.D., Inc. has incurred allowable professional fees and dues expenses for 1973 and 1974 in excess of the amounts determined by respondent; and (3) whether such amounts disallowed as automobile expenses to that corporation are includible in the income of its sole shareholder, Norman S. Brandes. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts and exhibits attached thereto, are incorporated herein by this reference. Petitioners Norman S. Brandes (hereinafter Brandes) and Patsy Brandes, husband and wife, resided *487 in Columbus, Ohio at the time of filing their petition herein. They filed joint Federal income tax returns for their taxable years 1973 and 1974 with the district director of internal revenue, Cincinnati, Ohio. Brandes is a psychiatrist who incorporated his practice under the laws of Ohio in September of 1972 under the name Norman S. Brandes, M.D., Inc. (hereinafter the corporation). The corporate office was located in Columbus, Ohio at the time of filing the petition herein.The corporation filed its corporate Federal income tax returns for its taxable years ended August 31, 1973 and August 31, 1974 with the district director of internal revenue, Cincinnati, Ohio. Brandes is the sole shareholder of the corporation. Throughout its taxable years 1973 and 1974 the corporation provided Brandes with an automobile for his exclusive use and paid all of the expenses in connection therewith. For this purpose it successively leased automobiles from an automobile leasing company. In addition it leased an automobile from Brandes. Under the latter lease agreement the corporation was required to pay any expenses incurred for the garaging of the leased automobile. During its taxable *488 years 1973 and 1974 the corporation expended and claimed deductions in the respective amounts of $ 3,789.98 and $ 3,816.99 for automobile expenses in connection with such cars. Of these amounts respondent disallowed the amounts paid to Brandes for the lease of his automobile and one-third of the remaining balances on the ground that such amounts are attributable to Brandes' personal use of the automobile provided to him by the corporation. Respondent further determined that the amounts so disallowed were includible in Brandes' income for the years 1973 and 1974 to the extent of $ 1,029.87 and $ 872.13, respectively. These determinations can be summarized as follows: 1973
1974
Tax Year
Tax Year
Automobile expenses claimed
$ 3,789.98
$ 3,816.99
Amounts paid to petitioner for
the lease of his automobile,
disallowed [1]
(700.35)
(1,200.60)
Balance
$ 3,089.63
$ 2,616.39
Less 1/3 of above balances,
disallowed to the corporation
and determined to constitute
additional dividend income to
the Brandeses
(1,029.87)
(872.13)
Automobile expenses allowed
$ 2,059.75
$ 1,744.26
*489 Respondent disallowed $ 394 and $ 420 of the deductions claimed by the corporation on its 1973 and 1974 tax year returns, respectively, for professional fees and dues. The disallowed amounts represent the amounts expended by the corporation in its 1973 and 1974 tax years for Brandes' membership dues at the Athletic Club in Columbus, Ohio. Brandes joined the club at the suggestion of his doctor in order to increase his physical abilities. Several of his friends belonged to the club and encouraged him to join. Brandes utilized the club facilities four or five times a week, usually to play squash, jog and do calisthenics or to take a steam bath and hot shower to relieve his chronic back problems. He played squash with individuals who were professional colleagues and friends. OPINION The corporate petitioner has made an attempt to deduct amounts expended with respect to automobile expenses and athletic club membership under section 162, I.R.C. 1954. That section provides a deduction for ordinary and necessary expenses of the taxpayer's trade or business. However, *490 section 262 restricts deductibility under section 162 to nonpersonal expenses. Sections 161 and 261. Respondent allowed two thirds of the total amounts claimed as automobile expenses for its taxable years 1973 and 1974. He determined that the remainder of the amounts claimed was a personal expense of the sole shareholder, Brandes. The corporation contends that the bulk of the automobile expenses disallowed are attributable to trips made by Brandes between his home and the corporate office. The corporation further contends that, because Brandes maintained a second office in his home, such mileage is business related.However, it failed to present evidence to the effect that amounts expended were in addition to amounts incurred in normal travel between his primary office and his home. The expense of commuting between a taxpayer's home and his work is a personal expense. Fausner v. Commissioner,413 U.S. 838, 839 (1973). The corporation argues that Brandes also made trips to stores, shopping centers, and various clubs in connection with the corporate business. However, *491 it failed to present evidence on which we could calculate distances traveled on such errands. Neither did the corporation present evidence indicating that amounts expended in connection with the business exceeded amounts allowed by respondent. The burden of proof is on the corporation. Therefore, we find for respondent on this issue. Welch v. Helvering,290 U.S. 111, 115 (1933). Respondent disallowed $ 394 of the $ 1,982.06 claimed in 1973 as professional dues expenses and $ 420 of the $ 1,565.56 claimed in 1974 as personal expenses of the corporation's sole shareholder. The corporation paid dues for Brandes' athletic club membership of $ 390 and $ 420 in 1973 and 1974, respectively. The corporation claims that, although Brandes did make some personal use of the club facilities, the time spent at the club was primarily for business purposes. Brandes made professional contracts through the club and received publicity that promoted the corporate business. Because of the typically nonbusiness nature of expenditures attributable to club memberships, a deduction will not *492 be allowed under section 162 for such expenditures unless we find that the corporate petitioner has satisfied the substantiation requirements of section 274(a) and (d)[2], in addition to satisfying the Court that the expenditure was ordinary and necessary to the corporate business rather than a personal expense of its sole shareholder. *493 Brandes testified that his primary purpose for joining the club was "to increase my physical abilities" after his doctor's recommendation that his health would improve with physical conditioning. "Also several of my friends belonged and encouraged me to belong." Brandes further stated that he continued to maintain his club membership for health and social reasons. It is obvious from the evidence presented at trial that Brandes incurred some expenses, on occasions, at the club that were directly related to the corporate business. He has submitted chits for food and beverages showing the amount of the expense, the time and place in which the expense was incurred, the business purpose of the expense and the business relationship of the person entertained sufficient to substantiate the business nature of such expenses under section 274. However, it is also obvious from the record that the primary reason for incurring the expenses of athletic club dues was personal to Brandes. He joined the club and maintained club membership primarily for health and social reasons. The incidental promotional benefit the corporation received cannot convert an otherwise nondeductible personal *494 expense into a deductible business expense. Randall v. Commissioner,56 T.C. 869, 874 (1971). The corporation has not shown the Court that over 50 percent of Brandes' use of the club facilities was for business purposes. We find for respondent on this issue. Respondent further determined that the corporation's payment of the sole shareholder's personal expenses in the taxable years before the Court resulted in a constructive dividend. Respondent bases his determination on American Properties, Inc. v. Commissioner,28 T.C. 1100, 1115 (1957), affd. 262 F.2d 150 (9th Cir. 1958), wherein we found that corporate expenditures which personally benefited its shareholders constitute dividends to them. The amount of such dividend is the fair market value of the benefit accruing to the shareholder. Challenge Mfg. Co. v. Commissioner,37 T.C. 650, 663 (1962). Brandes has conceded that the corporation provided an automobile for his exclusive use. He testified that he used the car to commute to and from his office. Because the *495 corporation paid Brandes' personal expenses we find that he received constructive dividends in the amounts determined by respondent.
Decisions will be entered for the Respondent.
Footnotes
1. These amounts were reported as lease income on the Brandeses' respective 1973 and 1974 returns.↩
2. SEC. 274.DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) Entertainment, Amustement, or Recreation.-- (1) In General.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to * * * the active conduct of the taxpayer's trade or business, or (B) Facility.--With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to * * * the active conduct of the taxpayer's trade or business. * * *
(d) Substantiation Required.--No deduction shall be allowed-- * * *
(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, amusement, recreation, or use of the facility * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility * * *.↩