ROLAND J. HYMEL, JR. and MARY ANN HYMEL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hymel v. Commissioner
Docket No. 28250-82.
United States Tax Court
T.C. Memo 1985-198; 1985 Tax Ct. Memo LEXIS 433; 49 T.C.M. (CCH) 1313; T.C.M. (RIA) 85198; April 24, 1985. *433 Held, on the facts presented, P is not entitled to deduct under sec. 162, I.R.C. 1954, dues to a Mardi Gras carnival club. Leon H. Rittenberg, Jr., and Steven E. Jacob, for the petitioners. Linda K. West, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioners' Federal income taxes: Addition to Tax
Sec. 6653(a)
Year
Deficiency
I.R.C. 1954 [1]
1978
$747.00
$38.00
1979
815.00
41.00
After concessions, the issues for decision are: (1) Whether membership dues paid by the petitioner to a Mardi Gras carnival club are deductible as ordinary and necessary business expenses under section 162, and if so, (2) whether the club is a "social, athletic, or sporting club" within the meaning of section 274 so that the deductibility of such dues is subject to the requirements of that section. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioners, Roland and Mary Ann Hymel, husband and wife, were legal residents *435 of New Orleans, La., at the time they filed their petition in this case. They filed their joint Federal income tax returns for 1978 and 1979 with the Internal Revenue Service Center, Austin, Tex. Mr. Hymel will sometimes be referred to as the petitioner. The Krewe of Bacchus, Inc. (Bacchus), is a Mardi Gras carnival club. It was incorporated on May 30, 1968. The petitioner was one of the original members of Bacchus, and he has been actively involved in it since its formation. He has been on the board of directors of Bacchus since 1970. During the years at issue, the petitioner was the costume chairman, and each year, he attended approximately four board meetings and numerous committee meetings. The annual events of Bacchus include an annual meeting, a float showing approximately 2 weeks prior to Mardi Gras, and an annual parade followed by a dinner dance during Mardi Gras. Bacchus is a section 501(c)(4) organization. One of the purposes of Bacchus is to increase tourism and thereby benefit the food, entertainment, and hotel industries in New Orleans. During the years at issue, the petitioner was both a wholesale and a retail insurance agent. The gross income of his wholesale *436 proprietorship, Roland Hymel Agency, exceeded $1 million in 1978 and $900,000 in 1979. The petitioner also earned retail insurance commissions of $69,000 in 1978 and $72,000 in 1979 from Roland J. Hymel, Jr. and Associates, Inc., a corporation. Insurance commissions are paid to the petitioner over the life of an insurance policy. As a wholesale insurance agent, the petitioner also receives certain additional compensation, including expense allowances. If the policies that the petitioner had in force were not cancelled, they would generate over $500,000 in income to the petitioner. The petitioner's sole proprietorship had approximately 60 life insurance sales agents and 40 other employees during the years in issue. These agents had numerous clients who were members of Bacchus. The success of the petitioner's insurance business depends on his ability to meet wealthy business persons and other affluent people. His association with such people is also a way to meet other affluent people. The petitioner's membership in Bacchus resulted in his earning insurance commissions that he otherwise probably would not have earned since such commissions were generated from sales to individuals *437 that he previously had not known. During the years at issue, the petitioner had in force life insurance with a face value exceeding $11 million which had been sold directly by him to approximately one-half of the members of the board of directors of Bacchus. In addition, he had in force other types of insurance, such as retirement plans, which he had sold to such directors. During 1978 and 1979, the petitioner's sole proprietorship and his corporation had in force, for members of Bacchus, life insurance with a face value in excess of $28 million. During the years at issue, the petitioner was also a member of Hermes (another Mardi Gras carnival club), the New Orleans Athletic Club, and a country club. On their 1978 and 1979 tax returns, the petitioners deducted the amounts paid by Mr. Hymel to Bacchus as membership dues. In his notice of deficiency, the Commissioner disallowed such deductions in full. OPINION The first issue for decision is whether the membership dues paid by the petitioner to Bacchus are deductible as ordinary and necessary business expenses under section 162. Section 162(a) allows a deduction for all the ordinary and necessary expenses of carrying on *438 a trade or business. Ordinary refers to items which arise from "transactions * * * of common or frequent occurrence in the type of business involved." Lilly v. Commissioner,343 U.S. 90, 93 (1952); Trebilcock v. Commissioner,64 T.C. 852, 855 (1975), affd. 557 F.2d 1226 (6th Cir. 1977). "Ordinary has the connotation of normal, usual, or customary." Deputy v. duPont,308 U.S. 488, 495 (1940); Trebilcock v. Commissioner,supra.An expense is necessary if it is appropriate and helpful in carrying on the trade or business. Commissioner v. Tellier,383 U.S. 687, 689 (1966); Welch v. Helvering,290 U.S. 111, 113 (1933). On the other hand, section 262 denies a deduction for any personal, living, or family expenses. When both sections may be applicable, section 262 takes precedence over section 162. Commissioner v. Idaho Power Co.,418 U.S. 1, 17 (1974); Sharon v. Commissioner,66 T.C. 515, 522 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978). The distinction between trade or business expenses on the one hand and personal *439 expenses on the other is necessarily based on a weighing and balancing of the facts and circumstances in each case. R.R. Hensler, Inc. v. Commissioner,73 T.C. 168, 176-177 (1979); Cardozo v. Commissioner,17 T.C. 3, 7 (1951). The petitioner has the burden of proving that a particular expense is of a business, rather than a personal, nature. Walliser v. Commissioner,72 T.C. 433, 437 (1979); Long v. Commissioner,32 T.C. 511, 513 (1959), affd. 277 F.2d 239 (8th Cir. 1960). The expense must have been incurred primarily to benefit the petitioner's business ( Walliser v. Commissioner,supra;Randall v. Commissioner,56 T.C. 869, 872 (1971)), and there must have been a proximate, rather than merely a remote or incidental, relationship between the claimed expense and the petitioner's business ( Walliser v. Commissioner,supra;Larrabee v. Commissioner,33 T.C. 838, 841-843 (1960)). In the present case, the Commissioner contends that the evidence offered by the petitioners does not show the necessary direct causation or link *440 between the insurance business obtained by the petitioner and his membership in Bacchus. He argues that no evidence was presented by the petitioners concerning when the insurance sold to Bacchus members was sold or exactly how the dues paid to Bacchus during the years at issue contributed to the petitioner's sale of insurance during those years. The Commissioner urges that the failure to prove a direct causation or link between the particular business obtained and any particular expense incurred is reason to deny the deduction for the petitioner's dues. Where, as in the present case, the expenses involved strongly suggest personal indulgences of the taxpayer unrelated to his business ( Guglielmetti v. Commissioner,35 T.C. 668, 672 (1961); Western Products Co. v. Commissioner,28 T.C. 1196, 1218 (1957)), we must be mindful of our observations in Henry v. Commissioner,36 T.C. 879, 886 (1961), where we stated: were we to recognize that expenditures for normally personal pursuits become deductible business expenses simply because they afford contacts with possible future clients without showing a more direct relationship to the *441 production of business income, it is evident that most all club dues and similar expenditures, for example, as well as the expense of appearing at the right place at the right time with the right people, could be claimed as ordinary and necessary business expense. Such would be an unwarranted extension of the scope of the deduction provision here involved. * * * See also Randall v. Commissioner,56 T.C. at 875 n. 5. A deduction for club dues has been denied where the taxpayer fails to show a sufficient business purpose for the club membership. See, e.g., Western Products Co. v. Commissioner,28 T.C. at 1218; Boehm v. Commissioner,35 B.T.A. 1106, 1109-1110 (1937); Monro v. Commissioner,19 B.T.A. 71, 72-73 (1930). Moreover, "Substantial evidence is required to establish a right to deduct club dues as a business expense." Western Products Co. v. Commissioner,28 T.C. at 1218; Gann v. Commissioner,41 B.T.A. 388, 398 (1940). A taxpayer's burden of proof is not met by the argument that, in general, membership in social, political, and fraternal organizations is helpful in obtaining *442 clients through contacts made thereby. Randall v. Commissioner,supra;Boehm v. Commissioner,supra at 1109. In the present case, the proof presented by the petitioner does not constitute the substantial evidence necessary to deduct club dues as a business expense. Although we have found as a fact that the petitioner's membership in Bacchus resulted in his earning insurance commissions that he probably otherwise would not have earned since such commissions were generated from sales to individuals that he previously had not known, such a finding is insufficient to establish that the petitioner's primary purpose in belonging to Bacchus was to further his businesses. The record is devoid of evidence indicating the extent of the business so acquired during the years for which the deductions are sought. It is not enough to show that some undefined quantity of business was obtained through the petitioner's membership in Bacchus or that he probably earned commissions that he otherwise would not have earned. See Randall v. Commissioner,supra at 874; Henry v. Commissioner,supra at 885. The petitioners' *443 own arguments illustrate the tenuousness of the relationship between the petitioner's insurance business and his Bacchus membership. They contend that: It is certainly ordinary and necessary for Petitioner to support entities which directly impact his income by improving the income of his clients and customers thereby assisting them in earning sufficient income to be able to afford Petitioner's product, namely insurance. * * * Bacchus provided Petitioner and the City of New Orleans with a means of substantially increasing tourism income in the City of New Orleans and thereby directly benefiting Petitioner. The "direct" benefit, which the petitioners argue that the petitioner received, clearly was not a direct benefit. Bacchus benefitted Mardi Gras, and Mardi Gras benefitted certain industries in the New Orleans area. However, to say that the petitioner benefitted because certain industries from which the petitioner drew his clientele benefitted is simply too tenuous to support the deductions claimed. The deductions sought in the present case are closer to a deduction for being in the right place at the right time with the right people than they are to an ordinary and necessary *444 business expense. The petitioner and the petitioner's business had clients who were members of Bacchus. However, plainly, those clients could have been obtained before the formation of Bacchus or through the petitioner's other carnival club membership, his athletic club membership, his country club membership, or the contacts afforded by daily life. A mere showing that the petitioner and his customers belonged to the same club is entirely insufficient to establish that the membership in such club was the proximate cause for significant additional business. Accordingly, we hold that the petitioner's Bacchus dues are not deductible under section 162. Our resolution of this issue makes it unnecessary for us to consider the second issue. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.↩